**Joseph F. ARROYO, James P. Mastelotto and Thomas E. Nevis, Plaintiffs,**

**v.**

**Robert D. WHEAT, Lois LaVonne Wheat, Terrence E. Dreiling, Paul H. Metzinger, William Holben Associates, Harry P. Holman, Ryder-Scott Company, Birr Wilson & Company, Inc. and Dominion Bank of Denver, Defendants.**

**No. CV–R–83–181–ECR.**

United States District Court,
D. Nevada.

May 18, 1984.

Richard O. Kwapil, Jr., Woodburn, Wedge, Blakey & Jeppson, Reno, Nev., for plaintiffs.

John H. Magee and Kenneth G. Hausman, San Francisco, Cal., for Birr Wilson & Co., Inc. and Harry P. Holman.

Walter A. Steele, Denver, Colo., for Terrence E. Dreiling.

James D. Hinga, Denver, Colo., for Robert D. Wheat and Lois LaVonne Wheat.

Daniel W. Pinkston and John D. Phillips, Jr., Denver, Colo., for William Holben Associates.

Porter & Clements by J. Eugene Clements, Houston, Tex. and Echeverria, Osborne & Jenkins, Reno, Nev., for Ryder-Scott Co.

Bruce T. Beesley, Reno, Nev., for Paul H. Metzinger.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

By minute order dated April 10, 1984, the Court requested memoranda of points and authorities on whether the plaintiffs could show "good cause" why sufficient service had not been effected on defendants William Holben Associates, Terrence C. Dreiling, Robert D. Wheat and Lois LaVonne Wheat within 120 days after the filing of the complaint, as provided for in Fed.R. Civ.P. 4(j). Those memoranda have been received.

Service was timely made by certified mail, return receipt requested, which would have been appropriate under revised rules of civil procedure proposed to Congress by the United States Supreme Court. However, Congress did not accept the proposal. Instead, it enacted its own version, whereunder such service was ineffective.

Plaintiff's counsel became aware that the service had been procedurally insufficient when the above-named defendants moved to quash the service. An order extending time for service was then obtained pursuant to Fed.R.Civ.P. 6(b). Personal service was effected on those defendants promptly thereafter. Since that service was accomplished more than six months after the complaint was filed, the action must be

dismissed unless the plaintiff has shown good cause why service was not effected within the 120-day period prescribed by Rule 4(j).

The plaintiff has pointed out that the moving defendants did receive actual notice of the action against them by the original, ineffective, service by certified mail.

 Inadvertent or heedless non-service is what amended Rule 4(j) is aimed at. *Coleman v. Greyhound Lines, Inc.*, 100 F.R.D. 476, 477 (N.D.Ill.1984). Congress intended that a plaintiff who had made reasonable efforts to effect service would be permitted additional time, if needed, under Rule 6(b). 1982 U.S.C. Cong. & Ad. News 4442; 2 Moore's Fed.Prac. ¶ 401 [33.–3], at p.4–44.11.

"Good cause" was held to have been shown under an Arkansas rule under similar circumstances; that is, the first service was technically incorrect and the second service was made diligently after the plaintiffs learned of the ineffectiveness of their first attempts. *Walden v. Tulsair Beechcraft, Inc.*, 96 F.R.D. 34, 29 (W.D.Ark. 1982). "Good cause" was found under a Bankruptcy Act provision where there was no dilatory or willful delay. *In re Ragozinno*, 37 F.Supp. 524, 526 (E.D.N.Y.1941). Rule 4(j) was involved in *Federal Deposit Ins. Corp. v. Sims*, 100 F.R.D. 792, 797 (N.D.Ala.1984), where the Court acknowledged that the plaintiff had failed to follow the rules for obtaining service, but construed liberally the plaintiff's abortive efforts as having been bona fide. It granted additional time to perfect proper service.

■ It was not intended that Rule 4(j) would be enforced harshly; that is why liberal extensions of time are permitted under Rule 6(b). *Burks v. Griffith*, 100 F.R.D. 491, 492 (N.D.N.Y.1984). In addition, it has been noted that the unusual history of 4(j) makes understandable mistakes as to what version of the rule was in effect. *See Peters v. E.W. Bliss Co., a Div. of Gulf*, 100 F.R.D. 341, n. 1 (E.D. Pa. 1983); Siegel, *Service Under Amended Rule 4*, 96 F.R.D. 81, 91 (1983).

■ This Court finds that plaintiffs' counsel has shown good cause why service was not effected within 120 days after the filing of the complaint, so that dismissal is not mandated by Rule 4(j).

IT IS, THEREFORE, HEREBY ORDERED that the motions of defendants William Holben Associates, Terrence C. Dreiling, Robert D. Wheat and Lois LaVonne Wheat to quash service and dismiss the action against them be DENIED.