Angela DAVIS–WILSON,

v.

HILTON HOTELS
CORPORATION, et al.

Civ. A. No. 84–5177.

United States District Court,
E.D. Louisiana.

June 28, 1985.

Millard D. Collins, New Orleans, La., for plaintiff.

John D. Marshall, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for defendant.

MENTZ, District Judge.

## MEMORANDUM OPINION

Plaintiff, Angela Davis-Wilson, filed a motion to set aside the judgment of dismissal entered in this action by the Court on March 25, 1985. The Court heard oral argument on plaintiff's motion and on defendant's request for attorney's fees and expenses on May 1, 1985, and at that time took the motion and defendant's request under submission. The mover and defendant were both allowed to file supplemental memoranda. The Court has now considered the memoranda, pleadings, affidavits and exhibits submitted in this matter and, based on the record and the law concludes that plaintiff's motion should be DENIED and defendant's request should be GRANTED IN PART.

### Procedural Background

This action was filed by plaintiff on October 24, 1984 in the Eastern District of Louisiana. Plaintiff alleges that the defendant[1] violated her civil rights by an act of discrimination perpetrated against her on October 24, 1983, while she was a pay-

---

**1.** After reviewing the record, and particularly plaintiff's complaint, it appears that plaintiff is suing only one defendant, Hilton Hotels Corporation, in this action. Plaintiff only tried (and finally did untimely succeed) to serve Hilton Hotels Corporation and no other entity. Therefore, the part of the caption of this case referring to "ET AL" shall be ignored as incorrect.

ing guest at the Atlanta Hilton and Towers in Atlanta, Georgia. Ms. Davis-Wilson was allegedly stopped in the Hilton elevator by a hotel employee and forced to prove she was a paying guest and not a prostitute or drug user. Although the procedural setting in this case is not complex, the date of occurrence of certain events are crucial to the determination of whether plaintiff's motion to set aside the judgment of dismissal should be granted. The following relevant procedural events have occurred thus far in this case:

1. October 24, 1984—Plaintiff filed suit. Plaintiff's action was timely filed on the last day to preserve her Louisiana tort claims.

2. December 19, 1984—Magistrate instructs plaintiff's counsel to serve summons by January 18, 1985.

3. January 14, 1985—Suit served on John D. Marshall, an attorney for Hilton Hotels.

4. January 23, 1985—Magistrate Chasez gives plaintiff a two-week extension until February 1, 1985 to effect service of process.

5. February 7, 1985—Defendant filed a motion to dismiss plaintiff's action due to insufficient service of process.

6. February 27, 1985—Plaintiff served Hilton Hotel through its registered agent for service of process.

7. February 28, 1985—Court grants defendant's motion by minute entry.

8. No motion for reconsideration filed by plaintiff within 15 days allowed by Court in minute entry dated February 28, 1985 or by date of entry of judgment.

9. March 26, 1985—Judgment dismissing plaintiff's action was entered by the Court.

10. April 9, 1985—Plaintiff files a motion to set aside the judgment of dismissal after the Magistrate and the Court's law clerk informs plaintiff's counsel that the mere act of obtaining service on Hilton Hotel on February 27, 1985 did not vacate Court's grant of defendant's motion to dismiss and entry of judgment in this action.

This Court granted defendant's motion to dismiss on February 28, 1985 by minute entry on the basis that defendant had carried its initial burden of proving it was entitled to a dismissal for plaintiff's lack of service of process and the plaintiff had failed to file any opposition to refute defendant's argument.

### Law

It is plaintiff's duty to see that each defendant is *promptly* and *effectively* notified that an action has been commenced against him. *See Schram v. Holmes,* 4 F.R.D. 119 (D.Mich.1943); *Klishewich v. Mediterranean Agencies, Inc.,* 42 F.R.D. 624 (E.D.N.Y.1966). The plaintiff or plaintiff's attorney is responsible for prompt service of the summons and a copy of the complaint. *See* Federal Rules of Civil Procedure, Rule 4(a). Delay in serving a complaint affects every aspect of a defendant's trial preparation. A delay between filing and service ordinarily is to be viewed more seriously than a delay of a like period of time occurring after service of process. *Porter v. Beaumont Enterprise & Journal,* 743 F.2d 269, 272 (5th Cir.1984); *Veazey v. Young's Yacht Sale & Service, Inc.,* 644 F.2d 475, 478 (5th Cir.1981). If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whom such service was required cannot show good cause why such service was not made within that period, the action *shall be dismissed without prejudice,* upon the Court's own initiative with notice to such party or upon motion. Fed.R. Civ.P. 4(j) (emphasis added). The harsh sanction of Rule 4(j) is appropriate to those cases in which non-service was the result of mere inadvertence or heedlessness. *Geller v. Newell,* 602 F.Supp. 501, 502 (S.D.N.Y. 1984); *Arroyo v. Wheat,* 102 F.R.D. 516, 518 (D.Nev.1984); *Coleman v. Greyhound Lines, Inc.,* 100 F.R.D. 476, 477 (N.D.Ill. 1984). However, where plaintiff has made

a reasonable effort to serve defendant, Congress intended that the 120 day deadline be extended, if needed, under Rule 6(b) [enlargement of period of time for an act to be done or completed]. 1982 U.S.Code Cong. & Ad.News 4434, 4442; *Geller v. Newell*, 602 F.Supp. at 502; *Arroyo v. Wheat, supra.* In other words, where a plaintiff can show good cause why service was not effected within 120 days after the filing of the complaint, dismissal is not mandated by Rule 4(j). *Arroyo v. Wheat, supra.*

■ The mere fact that a defendant received actual notice is not sufficient if there has not been compliance with the plain requirements of the Federal Rules of Civil Procedure, Rule 4. *See Tart v. Hudgins*, 58 F.R.D. 116 (M.D.N.C.1972); *Rixner v. White*, 417 F.Supp. 995 (D.N.D.1976) [although a defendant may have full knowledge that an action has been commenced against him, a court, nevertheless, lacks jurisdiction to enter a judgment against him unless personal jurisdiction has been obtained by strict compliance with the statute designating the method of obtaining such jurisdiction]; *Frasca v. Eubank*, 24 F.R.D. 268 (E.D.Pa.1959) [proof of actual notice alone will not be sufficient, substantial compliance with Federal Rules of Civil Procedure, Rule 4 is required]. A defendant must be served in accordance with Rule 4's requirement or there is no personal jurisdiction; neither actual notice nor simply naming the defendant in the complaint's caption will subject the defendant to personal jurisdiction if service is not made in substantial compliance with Rule 4. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir.1982).

■ In the present case, the plaintiff has failed to substantially comply with Fed. R.Civ.P. 4 in effecting service upon defendant. On January 14, 1985, plaintiff served the suit on John D. Marshall, an attorney who represents Hilton in various matters, thinking that Mr. Marshall was Hilton's agent.[2] An agent must be expressly appointed for the purpose of receiving service. *See Reynolds v. Reynolds*, 309 F.2d 395 (5th Cir.1962); *Ransom v. Brennan*, 437 F.2d 513, 518–19 (5th Cir.1971), 46 F.R.D. 16, *cert. denied* 403 U.S. 904, 91 S.Ct. 2205, 29 L.Ed.2d 680 [service of process is not effectual on an attorney solely by reason of his capacity as an attorney]. Service cannot generally be made on an attorney retained by a corporate defendant, unless the attorney has been specially authorized and designated by defendant to receive service of process. *United States v. Marple Community Record, Inc.*, 335 F.Supp. 95, 101–02 (E.D.Pa.1971); *See also Burger Chef Systems, Inc. v. Baldwin, Inc.*, 365 F.Supp. 1229 (S.D.N.Y.1973), *rev'd on other grounds*, 507 F.2d 841 (6th Cir.1974); *Ransom v. Brennan, supra.* John Marshall stated in his affidavit of February 1, 1985 that he has never been authorized and designated by Hilton Hotels to receive service of process. From reviewing the record in this action, it is apparent that plaintiff became aware of her mistake because Magistrate Chasez granted plaintiff a two-week extension until February 1, 1985 to effect service of process. *See* minute entry, dated January 23, 1985. Plaintiff neither requested any more extensions under Rule 6(b) nor did she effect service on defendant until February 27, 1985, well after the deadline imposed by the Magistrate and more than 120 days after the suit was filed. It is evident from the circumstances that the plaintiff was not diligent in her efforts to serve defendant. *See Geller v. Newell, supra.* All plaintiff had to do to find out who was the registered agent for Hilton Hotels Corporation was to contact the Louisiana Secretary of State's Office, Corporate Division, and ask for the said information. The Secretary of State would have told plaintiff that the registered agent for Hilton Hotels Corporation was the United States Corporation Company. *See* affidavit of Marcia J. Nielson,

---

**2.** Magistrate Chasez held a status conference on December 19, 1984 at which time she noted that service of process had not been effected upon the defendants. She ordered the plaintiff to effect service on or before January 18, 1985. *See* minute entry, dated December 19, 1984.

dated February 1, 1985, attached to defendant's motion to dismiss. Therefore, the Court finds no just reason to extend the 120 day deadline.

■ On this ground alone, the Court was correct in dismissing plaintiff's suit. The complaint was filed with the Clerk of the Court on October 24, 1984 and the record indicates that no defendant was served prior to February 27, 1985. Thus, plaintiff failed to serve defendant within the 120 days time period as prescribed by Rule 4(j). This rule *requires* the Court to dismiss an action *without prejudice* if service of the summons and complaint is not made upon a defendant within 120 days regardless whether a defendant brings a motion. *See Burks v. Griffith,* 100 F.R.D. 491, 492 (N.D.N.Y.1984). Here, approximately 125 days passed before service was effected. By minute entry dated February 28, 1985, granting defendant's motion to dismiss, the Court informed plaintiff that she had 15 days to file a motion for reconsideration. It is understood that if a party can show good cause why the Court should vacate its original ruling, the Court shall do so in the interest of justice. The plaintiff did not file a motion for reconsideration and basically did nothing in this regard until this Court's law clerk called plaintiff's counsel and asked him why he was continuing to file documents and other motions into the record when the suit had been dismissed and the case closed.[3] Moreover, the Magistrate at a status conference on March 27, 1985, informed the parties that judgment dismissing the case had been entered on March 26, 1985 and advised the plaintiff that if she wished to reinstate the litigation she should file an appropriate motion.

■ On April 9, 1985, plaintiff filed a motion to set aside a judgment of dismissal on the basis that "a lawful service had been made prior to the Court rendering a judgment dismissing the plaintiff's action". At the May 1, 1985 hearing on plaintiff's motion, the Court asked plaintiff's counsel why plaintiff had failed to serve the action within the 120 day time period prescribed by Rule 4(j). Plaintiff's counsel asked the Court what was Rule 4(j). The Court then explained Fed.R.Civ.P. Rule 4(j) and gave plaintiff's counsel its Federal Rules of Civil Procedure handbook to consult. At that point, plaintiff's counsel stated that he had good cause for service not being effected within the time period—plaintiff was trying to amicably settle this matter without a court action. The requirement that plaintiff show "good cause" for failure to serve a summons and complaint within 120 days after the filing of the complaint is a stringent standard requiring diligence and is not satisfied by a showing of inadvertence by counsel or like excuses; absent adequate showing of good cause, dismissal without prejudice is mandated. *Coleman v. Greyhound Lines, Inc., supra.* Further, the Court in *Burks v. Griffith* held that the plaintiffs completely failed to show "good cause" within the meaning of Rule 4(j) when the plaintiffs merely stated that at the present time all defendants have been served. 100 F.R.D. at 492. Similarly, this Court does not find that plaintiff had good cause for her failure to obtain service on defendant within the 120 day time period merely because the defendant has now been served and plaintiff had hoped that this matter would be settled without a trial.[4] These arguments are not sufficient to demonstrate good cause to the Court. Furthermore, as previously noted, Rule 4(j)

---

**3.** The Court's law clerk explained to plaintiff's counsel that the action had been dismissed and judgment entered as a result of plaintiff not obtaining service within the appropriate time period, the defendant carrying its initial burden on its motion to dismiss, no opposition being filed, and no motion for reconsideration having been filed. Plaintiff's counsel informed the Court that he assumed that since he had obtained service on defendant on February 27, 1985 that such act mooted the defendant's mo-

tion and vacated the Court's order. However, plaintiff's counsel never contacted the Court to confirm his erroneous assumptions.

**4.** Neither the Court nor the plaintiff addressed specifically why she failed to comply with the Magistrate's order to effect service of process on defendant by January 18, 1985 and then by February 1, 1985 pursuant to the Magistrate's granting of an extension.

*requires* dismissal regardless of whether any defendant has moved to dismiss the complaint for insufficiency of service of process. [emphasis added] 100 F.R.D. at 492. Here, the Court was required to dismiss the action due to plaintiff's failure to effect service within the 120 days prescribed by Rule 4(j) and it did so on February 28, 1985. The judgment of dismissal was not entered until March 26, 1985, well after the 15 days granted by the Court for plaintiff to file a motion for reconsideration.

▬ Additionally, Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes the Court to dismiss a civil action when service of process is inadequate or *when the plaintiff does not attempt service within a reasonable time.* [emphasis added] *Miree v. United States,* 490 F.Supp. 768, 775 (N.D.Ga.1980), *aff'd* 538 F.2d 643 (5th Cir.1976), *vacated on other grounds,* 433 U.S. 25, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977); *Canada v. Mathews,* 449 F.2d 253, 254 (5th Cir.1971) (per curiam). When the Federal Rules call for service upon a party as a pre-condition to the court's obtaining in personam jurisdiction, service upon counsel is ineffectual, unless the party has appointed his attorney as his agent for service of process, or it is otherwise authorized by law. *Miree,* 490 F.Supp. at 775; *Ramsom v. Brennan,* 437 F.2d 513, 518–19 (5th Cir.1971), *cert. denied,* 403 U.S. 904, 91 S.Ct. 2205, 29 L.Ed.2d 680 (1971). *See generally* 4 C. Wright and A. Miller, *Federal Practice and Procedure* § 1097 at 371–72 (1969). As previously indicated, John Marshall, counsel for Hilton Hotels Corporation, stated in his affidavit of February 1, 1985, that he has never been specifically appointed and/or authorized by Hilton Hotels Corporation to receive service of pro-

cess for it. It is clear that plaintiff had no basis for believing that Hilton Hotels Corporation had ever authorized its attorney to receive service. Furthermore, after being ordered by Magistrate Chasez to effect correct service on defendant by January 18, 1985 and by way of extension February 1, 1985, and after being informed by defendant the name of its "real" agent for service of process on February 7, 1985, in its motion to dismiss, plaintiff for no apparent reason allowed several more weeks to pass before serving the defendant through its correct agent for service of process, United States Corporation Company. Therefore, under Federal Rules of Civil Procedure, Rule 12(b), this Court was correct in dismissing this action since service had not been effected within a reasonable period of time.[5]

▬ Basically, although plaintiff does not style it so, plaintiff's motion to set aside the judgment of dismissal is a Rule 60(b) motion for relief from judgment and order. The Court may relieve a party from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise or excusable neglect. *See* Rule 60(b)(1). Here, the Court neither finds ignorance of the rules nor refusal to obey the Court's orders to be sufficient reasons for the Court to set aside its order of February 28, 1985 or its entry of final judgment on March 26, 1985. *See Scola v. Boat Frances, R., Inc.,* 618 F.2d 147, 155 (1st Cir.1980) [neither ignorance of the law nor carelessness on the part of a litigant or his attorney will constitute excusable neglect under Rule 60(b)]. Plaintiff's counsel informed the Court's law clerk by phone that he assumed when service of process on defendant was effected that this act

---

**5.** The Court notes that dismissal of a civil action for failure to comply with Rule 4(d) (service upon the proper party) is generally inappropriate unless otherwise a party's rights would be seriously prejudiced or no reasonably conceivable means of acquiring jurisdiction over the defendant remains. *Miree v. United States,* 490 F.Supp. at 776; *See also Stanga v. McCormick Shipping Corp.* 268 F.2d 544, 554 (5th Cir.1959); 2 Moore's Federal Practice ¶ 4.44 at 4–555

(1979). However, in the case at bar, the Court did not dismiss plaintiff's action on the ground that service was not made upon the proper party. This Court was required to dismiss plaintiff's action pursuant to plaintiff's noncompliance with Rule 4(j) in addition to Rule 12(b)(5) which also authorized the Court to dismiss the action since the plaintiff had not perfected service within a reasonable time.

mooted the defendant's motion to dismiss. *See* Footnote 3. This assumption is also not considered excusable neglect. *See Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1020 (11th Cir.1982) [court found that only *non-excusable* neglect existed where attorney failed to file a response to a summary judgment motion alleging that he relied on his letter to the Court requesting an extension of time]. A party simply cannot purposely improvise the rules of procedure and later ask the Court to set aside a judgment under Rule 60(b). *See Jackson, supra.* In the instant case, plaintiff failed to check with the Court to see if the belatedly effected service of process on defendant did in fact moot defendant's motion. Thus, the failure to file a response to the defendant's motion to dismiss [6] or to file a motion for reconsideration within the time allowed on the grounds that proper service was effected *after* the time allowed for said service is *not* excusable neglect. Plaintiff has utterly failed to supply the Court with an adequate and sufficient reason why it took 125 days to effect service on the defendant, and why it disobeyed the Court's orders.[7] In addition, the plaintiff has failed to demonstrate to the Court why her acts should be classified as excusable neglect. It is unfortunate that as a result of the Court's dismissal of this action *some* of the plaintiff's claims may have prescribed under Louisiana law, however, the Court can not tolerate ignorance and refusal by any party to obey its orders—if it did, it would render this Court virtually ineffective.

In this Court's minute entry dated February 28, 1985, the Court granted defendant's motion to dismiss and allowed plaintiff the right to move for reconsideration subject to the sanctions of costs incurred by defendant in connection with responding to the plaintiff's motion for recon-

sideration, including attorney's fees. The Court directed the defendant to file a statement of attorney's fees if it so desired in the event the plaintiff filed a motion for reconsideration. In essence, plaintiff's motion to set aside the entry of judgment dismissing plaintiff's action is a motion for reconsideration and thus, the Court shall entertain the issue whether defendant is entitled to the costs it has requested— $1,383.70. The award of costs and attorney's fees as a sanction by a court is discretionary. It is apparent to the Court that the defendant has incurred unnecessary costs and attorney's fees as a result of plaintiff's counsel's ignorance of the rules, failure to comply with the Court's orders, and just general neglect. Therefore, the Court shall award the defendant an amount of $1,000.00 to cover the costs and attorney's fees it incurred in connection with responding to plaintiff's motion to set aside the judgment of dismissal as this amount is deemed sufficient to cover said expenses.

### Conclusion

The defendant carried its initial burden of proof in presenting its motion to dismiss to the Court. Furthermore, this Court was obligated to dismiss this action when plaintiff failed to serve the defendant within the 120 day time period prescribed by Rule 4(j). Thus, on February 28, 1985, the Court was correct in granting defendant's motion to dismiss plaintiff's suit *without prejudice.* At that time, the Court allowed the plaintiff fifteen days to file a motion for reconsideration, which she failed to do. Then, on March 26, 1985, judgment was entered in favor of defendant dismissing plaintiff's complaint with costs. Subsequently, the Court then entertained plaintiff's motion to set aside the judgment of dismissal on May 1, 1985, which, in essence, is a Rule 60(b) motion for relief from judgment and a motion for reconsideration. However, plain-

---

6. Local Rule 3.7 of the Eastern District of Louisiana requires all oppositions be filed no later than eight (8) days prior to the hearing. Local Rule 3.8 states that any party failing to comply with paragraphs 3.6 or 3.7 or failing to file timely the required memoranda may be denied oral argument.

7. The Federal Rules provide for sanctions to be imposed for failure to comply with the Court's orders and rules.

tiff failed to demonstrate "good cause" under Rule 4(j) for her failure to serve the defendant properly within the 120 time period and failed to prove that her actions should be classified as excusable neglect under Rule 60(b) entitling her to relief from this Court's February 28, 1985 order and March 26, 1985 judgment. Moreover, defendant has incurred great expense as a result of plaintiff's counsel not effecting service properly on defendant in a timely fashion, not obeying the Court's orders, and being ignorant of the rules. Thus, plaintiff's counsel is liable for sanctions in the amount of $1,000.00 to cover the costs and attorney's fees incurred by defendant in connection with the motion to set aside the judgment of dismissal. Plaintiff has failed to meet her burden for relief from judgment and therefore the dismissal *without prejudice* must stand.

Accordingly, the Court entertains and DENIES plaintiff's motion to set aside the judgment of dismissal in this action.

Further, defendant's request for attorney's fees and expenses shall be GRANTED IN PART with monetary sanctions being imposed on *plaintiff's counsel* as follows: *Plaintiff's counsel* shall pay the defendant's counsel within fifteen days the amount of $1,000.00 to cover defendant's cost and attorney's fees incurred in connection with plaintiff's motion to set aside the judgment of dismissal.