Leroy SALOW, Plaintiff,

v.

CIRCUS–CIRCUS HOTELS, INC., et al., Defendants.

No. CV–R–85–328–ECR.

United States District Court, D. Nevada.

Dec. 6, 1985.

Alfred H. Osborne, Reno, Nev., for plaintiff.

No Appearance on Behalf of defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

Plaintiff, Leroy Salow, was an employee of defendant Circus Circus Hotels, Inc., when he was severely injured in an automobile accident. Plaintiff incurred substantial medical and hospital expenses and has not worked since the March 17, 1981, accident. Although defendants paid some medical expenses, defendants would not pay any medical expenses incurred after plaintiff's employment with defendant ended.

In February 1983, plaintiff filed suit in a Nevada state district court alleging breach of contract, breach of good faith duty, emotional distress, and breach of fiduciary duty. The state court judge granted summary judgment in favor of all defendants based on federal pre-emption of plaintiff's claims. Plaintiff's appeal from this decision is now before the Nevada Supreme Court.

Plaintiff filed a complaint in this court on June 27, 1985, against various defendants alleging violations of the Employee Retirement Income Security Act of 1974 (ERISA). On November 6, 1985, this Court noticed plaintiff of our intention to dismiss the complaint pursuant to Fed.R.Civ.P. 4(j) (document # 2). Plaintiff thereafter filed points and authorities arguing that good cause existed why service was not timely made.

Rule 4(j) of the Federal Rules of Civil Procedure provides:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Fed.R.Civ.P. 4(j). Plaintiff made no attempt to serve any of the defendants within the 120-day time period prescribed by the rule.

The rule does not define "good cause." The only legislative history defining good cause is when a defendant evades service. 1982 U.S.Code Cong. & Ad.News 4434, 4446 n. 25. Although there has also been little guidance from the courts as to the meaning of good cause, the Ninth Circuit recently found that a plaintiff's desire to amend his complaint before effecting service did not constitute good cause. *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir.1985). This Court has ruled that dismissal under Fed.R.Civ.P. 4(j) is appropriate in those cases in which non-service was the result of mere inadvertence or heedless non-service. *Arroyo v. Wheat*, 102 F.R.D. 516, 518 (D.Nev.1984).

In this case, plaintiff did not make any attempt to serve the defendants.[1] Plaintiff

---

**1.** Prior to the points and authorities now before this Court, plaintiff never sought extensions of

supports this non-service with the argument that the sole purpose for filing suit in this Court was to preserve any cause of action under ERISA while the Nevada Supreme Court considers his state appeal. Plaintiff does not want to proceed with this case because he would prefer to proceed in state court under his state law claims and feels confident that the Nevada Supreme Court will reverse the summary judgment decision. Plaintiff's non-service is "mere inadvertence" and, therefore, does not constitute good cause.[2]

IT IS, THEREFORE, HEREBY ORDERED that the complaint is dismissed without prejudice as to all named defendants because plaintiff failed to effect service within 120 days after the filing of his complaint.

time from this Court to serve outside the 120-day time period.

**2.** Plaintiff would have been well-advised to have either filed a Fed.R.Civ.P. 6(b) motion prior to

the 120 days or served defendants and then moved this Court for a stay of further proceedings.