Banks, J.
This is an action in tort to recover for personal injuries sustained by the plaintiff when he attempted to install an allegedly defective door knob manufactured by the defendant.
The incident in question occurred on October 6,1985. The plaintiff instituted this action on September 30,1988.
On March 3,1989, the trial court dismissed sua sponte the plaintiff's complaint without prejudice pursuant to Dist/Mun. Cts. R. Civ. P., Rule4(j) for the plaintiff's failure to effect service of process within ninety (90) days of the filing of the complaint.
On March . 8, 1989, the plaintiff filed a motion to remove the dismissal. The defendant submitted written opposition to said motion, and the plaintiff responded by filing an amended motion to remove dismissal, an affidavit of counsel and a memorandum with supporting exhibits.
After hearing and oral argument, the trial court denied the plaintiff's amended motion to remove the dismissal.
The court also made subsidiary findings of fact relative to the plaintiff's efforts to effect service of process on the defendant within the prescribed time. The court found thatfrom the date of complaint filing to December 5,1988, plaintiff's counsel endeavored to settle the case with defendant's insurance carrier adjustment company. On December 5,1988, plaintiff contacted both the Secretary of State and the Attorney General and was informed only that the defendant had no listed resident agent in the Commonwealth. On December 12,1988, plaintiff's counsel wrote to a C.T. Corp. in Boston asking if it was the defendant's resident agent By letter dated December 20,1988, C.T. Corp. advised the plaintiff that it was not the defendant's agent and could not accept service of process on behalf of the defendant. On December 21,1988, plaintiff's counsel contacted the State of Connecticut Department of Corporations and was informed that C.T. Corp. in Hartford would accept service as the defendant's agent
*7 The court further found that the plaintiff forwarded two letters dated December 22,1988 and January 16,1989 and placed interim telephone calls in an effort to have service made by one Saul Weinstein, a West Hartford constable. Service was finally effected by Hartford Deputy Sheriff Daniel Fiarelli on March 20,1989, more than two weeks after the court's Rule 4® dismissal of the plaintiff's complaint and 171 days after the filing of the complaint.
1. The sole issue posited by the plaintiff's appeal is the propriety ofthe trial court's denial of the plaintiffs motion to remove the court's Dist./Mun. Cts. R.Civ. P., Rule 4(j) order of dismissal. Rule 4(j) provides:
If a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon thecourt's own initiative with to such party or upon motion.
Rule 4 (j) was promulgated by the Supreme Judicial Court as a component of the “time standards” for civil litigation in the trial courts of the Commonwealth which became effective on July 1,1988. The rule has not yet engendered Massachusetts judicial review orease comment. Our construction ofthe trial court's Rule 4 0) action herein will, therefore, be guided byjudicial construction ofthe comparable Federal Rule of Civil Procedure.[1] See generally, Parrell v. Keenan, 389 Mass. 809, 815 n. 8 (1983); Rollins Environmental Services, Inc. v. Superior Court, 368 Mass. 174, 179-180 (1975).
The procedural mechanics of Rule 4(j) are straightforward. Service of process must be completed within 90 days of complaint filing, or within such extended period as the court may allow upon motion filed within the first 90 days. If service is not completed within the prescribed period, the rule mandates that the action shall be dismissed by the court sua sponte or upon motion by the defendant. See, as to mandatory nature of dismissal, Norlock v. City of Garland, 768 F. 2d 654, 657 (5th Cir. 1985); Shuster v. Conley, 107 F.R.D. 755, 757 (W.D. Penn. 1985). The potentially harsh affect of this procedure is ameliorated by the post-dismissal notice provision ofthe rule which affords counsel the opportunity to file a motion pursuant to Dist./Mun. Cts. R. Civ. P., Rule 6(b) for an extension of time to effect service. United States For Use & Benefit of DeLoss v. Kenner General Contractors, Inc., 764 F. 2d 707, 711 (9th Cir. 1985). The burden then devolves upon the moving party to establish affirmatively thatthere exists “good cause why such service was notmade within” the required 90 day period. See, as to burden of proof, Woods v. Partenreederei Ms. Yankee Clipper, 112 F.R.D. 115 (D.C.MA. 1986); United States v. Kenner General Contractors, Inc., supra at 711; Coleman v. Greyhound Lines, Inc., 100 F.R.D. 476 (N.D. Ill. 1984).
Within the context of Rule 4®, “good cause” has been defined as “a stringent standard requiring diligen [t] ” albeit unsuccessful effort to complete service within the 90 day period prescribed by the rule. Davis-Wilson v. Hilton Hotels Corp., 106 F.R.D. 505, 507 (E.D.LA. 1985). To obtain an extension, counsel must demónstrate:
at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance ofthe rules usuaHy does not suffice, and some showing of ‘good faith on the part ofthe party seeking an enlargement and some reasonable basis for non-compliance within tiie time specified.’...
Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985). A Rule 4® motion for an extension of time to complete sendee is addressed to the discretion of the trial justice. Braxton v. United States, 817 F. 2d 238, 242 (3rd Cir. 1987); Wei v. Hawaii, 763 F. 2d 370, 371 (9th Cir. 1985); Edwards v. Edwards, 754 F. *8 2d 298, 299 (8th Cir. 1985), and the focus of the court's inquiry is, quite simply, the reasonableness and diligence of the effort expended by counsel to effect sendee within the time required. Quann v. Whitegate-Edgewater, 112 F.R.D. 649 (D.C.MD. 1986). Although extensions sought prior to the expiration of the 90 day period may be liberally granted, motions filed after such period which must be grounded upon proof of “good cause” are subject to a strict construction. Baden v. Craig-Hullum, Inc., 115 F.R.D. 582, 585 (D.MN. 1987).
2. In accordance with these Federal guidelines, we hold that the trial court's denial herein of the plaintiff's motion to remove the court's Rule 40 order of dismissal did not constitute an abuse of discretion.
It is essential to note initially that the plaintiff permitted more than sixty-five days of the ninety day service period to elapse before even attempting to locate an agent to accept process for the defendant. The fact that the plaintiff was engaged in settlement negotiations during this time did not constitute “good cause” for delay or for a subsequent extension of the Rule 4© time period. Davis-Wilson v. Hilton Hotels Corp., supra at 509. The plaintiff then neglected to seek an extension of time before the December 30,1988 expiration of the 90 day period despite clear indications as early as December 5,1988 that he might be unable to effect timely service. A failure to request an extension before the expiration of the Rule 4© period is some evidence of lack of diligence. Id. at 508; Quann v. Whitegate-Edgewater, supra at 661. Further, the first actual attempt at service was not even undertaken by the plaintiff until December 22,1988, a delay evidencing an obvious disregard for the plaintiff's Rule 4(a) responsibility to make “prompt service of the summons and complaint.” Id. at 658. The action taken by the plaintiff on December 22,1988 was limited to engaging a Connecticut constable. The unexplained failure of this constable to complete service did not constitute good cause for the plaintiffs noncompliance with Rule 4 ©. Braxton v. United States, supra at 239, particularly in view of the absence from the report of any reference to immediate efforts by the plaintiff to secure another process server, and of any justification for the ensuing delay of an additional ninety days before actual service on the defendant on March 20,1989.[2] Finally, the plaintiffs failure to pursue other methods of service, including G.L.c. 223A (The Long-Arm Statute) or to make more extensive inquiries to determine the address or to identify the agent of a defendant “as large and well known a corporation as Stanley Works” [Plaintiff's Brief, p. 9] further suggests that the plaintiffs non-compliance with Rule 4 © resulted from little more than inadvertence and inactivity. Inadvertence is the antithesis of good cause. Ruley v. Nelson, 2 Fed. Rules Serv. 3d 469, 471 (1985).
The plaintiff has argued that dismissal is a particularly drastic and inappropriate sanction for Rule 4® non-compliance in this case because the defendant has not been prejudiced by a delay in service and because reinstitution of suit is now barred by the statute of limitations. With respect to the latter contention, we note that the Federal Courts have uniformly held that the foreclosure of judicial relief by a limitations statute does not prevent a Rule 4 O’) dismissal. See, e.g. Sipes v. Galaxy Airlines, Inc., 119 F.R.D. 691, 693 (D. Nev. 1988); Lovelace v. Acme Markets, Inc., 820 F. 2d 81, 84 (3rd Cir. 1987). Similarly, the absence of prejudice to the defendant is also immaterial to Rule 4(j) considerations, and in no way assists a plaintiff in establishing grounds for an enlargment of the prescribed sendee period. Quann v. Whitegate-Edgewater, supra at 660. The plaintiff's reliance on Ahearn v. Warner, 16 Mass. App. Ct. 223 (1983) for the contrary proposition is misplaced as Ahearn *9 construed Mass. R. Civ. P. 41 (b)[3], not Rule 4(j), was decided prior to the promulgation Rule 4(j) and is thus inapposite.
3. Accordingly, the trial court's denial of the plaintiffs motion to remove the court's Rule 4(j) order of dismissal is hereby affirmed.
Report dismissed.

 Fed. R. Civ. P., Rule4® isalmostidenticalto Dist/Mun. Cts. R. Civ.P., Rule4® with the sole exception that the Federal Rule designates a period of 120, rather than 90, days for service of process.

 The completion of service on March 20,1989 did not warrant vacating the Rule 4'© dismissal entered on March 3, 1989. Davis Wilson v. Hilton Hotels Corp., supra at 509; Winters v. Teledyne Movible Offshore, Inc., supra at 1306.

 The divergent treatment of prejudice to the defendant under Rules 4 0) and 41 (b) is attributable to the contrasting purposes and functions of these rules. “While some of [the cases where dismissal under Rule 41 (b) was denied] may have precedential value as to whatmay constitute ‘good cause’ under new Rule 4(j), the cases which required a showing of prejudice to the defendant in order to dismiss, in our opinion, do not Since the policy behind the 120 day limit is primarily ‘to encourage prompt movement of civil actions in federal courts,’ ... the absence of prejudice to the defendant would not appear to be a relevant consideration.” 2 MOORE'S FEDERAL PRACTICE, Sec. 4.46, at 4-573 to 4-574 n. 4.