Lauriat, J.
Charles Chaffin (“Chaffin”) brought this tort action to recover for personal injuries which he allegedly sustained when he jogged into a bolt protruding from a sea wall under construction along Revere *242 Beach. The defendants have now moved to dismiss the action for Chaffin’s failure to make timely service of the summons and complaint upon each of them as required by Mass.R.Civ.P. 4(j). For the following reasons, the defendants’ motion is allowed.
BACKGROUND
On October 11, 1992, Chaffin was allegedly injured when he jogged into a bolt which was protruding from a sea wall along Revere Beach. According to Chaffin’s complaint, defendants City of Revere (“Revere”) and the Metropolitan District Commission (“MDC”) had hired defendant Linden Construction, Inc. (“Linden”) to perform the construction work along the sea wall. Chaffin filed this action on October 11, 1995.
Because Chaffin’s counsel had allegedly been advised in the past by various Superior Court clerks’ offices throughout the state that the “tracking order” issued for all civil actions filed in the Superior Court after July 1, 1988 (see Superior Court Second Amended Standing Order 1-88) must be included for proper service of process, counsel waited for the Suffolk County Clerk’s Office to send him a tracking order in this case before he served the summons and complaint. By letter dated November 13, 1995, counsel requested that the Clerk’s Office send him the tracking order as soon as possible so as not to delay service of process. Another twenty days passed. Counsel then made four telephone calls to the Clerk’s Office during the next two weeks and was repeatedly assured that the tracking order was forthcoming. He mailed urgent requests to the Clerk’s Office on December 20, 1995 and on January 29, 1996.
On February 1, 1996, the case was dismissed without prejudice pursuant to the Superior Court Second Amended Standing Order 1-88 for Chaffin’s failure to effect service of process within ninety days after filing the complaint. Mass.R.Civ.P. 4(j). On February 24, 1996, Chaffin’s counsel finally received the tracking order in this case. That order included the statement, “Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.” Service of process was then made on agents of the defendants on February 27 and 28,-1996.
The defendants contend that they had no notice of Chaffin’s claims until they were served with the complaint. On March 6, 1996, this court allowed Chaffin’s motion to vacate the dismissal without prejudice to defendants’ moving to dismiss for failure to comply with Standing Order 1-88.
The defendants have now moved to dismiss this action on the basis of Chaffin’s failure to effect service of process upon them within ninety days after filing the complaint. They contend that Chaffin cannot show good cause for failing to serve the summons and complaint within the ninety-day period required by Mass.R.Civ.P. 4Q).[1] Defendants further assert that since the statute of limitations has now passed, Chaffin’s complaint is time-barred.
DISCUSSION
According to Mass.RCiv.P. 4(j), “(i]f a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and [plaintiff] cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice . . .” The burden is on the plaintiff to demonstrate good cause. Shuman v. Stanley Works, 30 Mass.App.Ct. 951, 953 (1991), rev. denied, 410 Mass. 1103, citing Winters v. Teledyne Movable Offshore, Inc., 776 F.2d 1304, 1305 (5th Cir. 1985). The issue before this court is whether Chaffin has met his burden to show good cause why service was not made on the defendants within ninety days after his complaint was filed.
Chaffin contends that he was unable to make timely service because the Suffolk County Civil Clerk’s Office failed to forward the tracking order to him within ninety days, and that counsel had previously been informed that proper service of process required service of the tracking order. Although the tracking order states that plaintiff must serve the tracking order within ninety days, it does not state that it must be served with the complaint.[2] More importantly, the language of the tracking order and the information allegedly provided to counsel is inconsistent with the Superior Court Second Amended Standing Order 1-88 which states, “At the expiration of 90 days from filing of the action, the clerk shall forward a copy of the scheduling order to all counsel of record.” Superior Court Second Amended Standing Order 1-88(C)(3) (emphasis added). It is the duly of the clerk, therefore, and not plaintiffs counsel, to forward the tracking order to all counsel of record. The language of the tracking order which states the contrary does not appear to have any basis in the Standing Order.
The alleged past representations of the clerks’ offices and the language on the tracking order do not constitute good cause for Chaffin’s failure to effectuate timely service. “ ‘Good cause’ has been defined as ‘a stringent standard requiring diligen[t]’ albeit unsuccessful effort to complete service within the period prescribed by the rule.” Shuman at 953, quoting Davis-Wilson v. Hilton Hotels Corp., 106 F.R.D. 505, 509 (E.D.La. 1985). See also Hull v. Attleboro Savings Bank, 33 Mass.App.Ct. 18, 26 (1992). Although Chaffin’s counsel exercised due diligence in attempting to obtain the tracking order from the clerk’s office, such action is not synonymous with exercising due diligence in attempting timely service. Despite the information from the clerk’s office, Chaffin should have served the summons and complaint in accordance with Mass.R.Civ.P. 4(j). Compare Arroyo v. Wheat, 102 F.R.D. 516 (D.Nev. 1984); Moorehead v. Miller, 102 F.R.D. 834, 836 (D.V.I. 1984); D’Amario v. Russo, 750 F.Supp. 560, 562-64 (D.R.I. 1990).
Although the result in this case is harsh, counsel may not justifiably rely on representations which are *243 contrary to the Massachusetts Rules of Civil Procedure and the Rules of the Superior Court in order to excuse untimely service. Cf. Barco Arroyo v. Federal Emergency Management, 113 F.R.D. 46, 49 (D.P.R. 1986).
‘The failure of [plaintiffl’s counsel to request an extension of time under Mass.RCiv.P. 6(b), 365 Mass. 747 (1974), is [also] evidence of lack of diligence.” Shuman at 953, citing Davis-Wilson at 508. See also Bank of Boston v. Bloomenthal, 1992 Mass. App. Civ. 234, 236; Quann v. Whitegate-Edgewater, 112 F.R.D. 649, 661 (D.Md. 1986), and cases cited. Defendants did not attempt to evade service, see Wei v. State of Hawaii, 763 F.2d 370 (9th Cir. 1985), and Chaffin had no difficulty locating defendants for service. Compare U.S. v. Ayer, 857 F.2d 881, 883-86 (1st Cir. 1988). Consequently, Chaffin has not met his burden under Mass.R.Civ.P. 4(j) to show good cause why service was untimely, and this action must be dismissed.[3] And since the statute of limitations has run on Chaffin’s claim, he is barred from refiling his complaint. See Krasnow v. Allen, 29 Mass.App.Ct. 562, 565 n.6 (1990).
ORDER
For the foregoing reasons, the Motion of Defendant, Linden Construction, Inc. To Dismiss the Plaintiffs Complaint Pursuant to Mass.R.Civ.P. 4(j), joined in by defendants Metropolitan District Commission, and the City of Revere, is ALLOWED, and the plaintiffs Complaint is DISMISSED.

If, as Chaffin’s counsel contends, this is an issue of first impression for the Superior Court, appellate review of this decision would appear appropriate and welcomed.

If, as Chaffin’s counsel contends, this is an issue of first impression for the Superior Court, appellate review of this decision would appear appropriate and welcomed.

If, as Chaffin’s counsel contends, this is an issue of first impression for the Superior Court, appellate review of this decision would appear appropriate and welcomed.