Burnes, J.
This is a products liability action brought by plaintiffs Richard Jasmin, Catherine Jasmin, and Craig Aldrin, by his next friend and mother Catherine Jasmin (Plaintiffs) for injuries sustained after a citronella *736 candle or “lawn flare” sold by defendant Liss Brothers, Inc. (Liss) exploded. Liss impleaded the manufacturer of the so-called lawn flare, Universal Candle Company, (Universal) as a third-party defendant. Universal now moves to dismiss all claims against it. For the following reasons, the defendant’s motion is ALLOWED. Liss’ request[2] for ninety days in which to conduct written discovery and file further opposition on the issue of personal jurisdiction is DENIED;
BACKGROUND
On May 15, 1991, plaintiff Richard Jasmin purchased a lawn flare at a N.H.D. hardware store in Hudson, Massachusetts. The purpose of the lawn flare was to repel mosquitos. Liss, a foreign corporation with a principal place of business in Pennsylvania, had previously sold tire product to N.H.D. Sales Inc. According to his answers to Liss’ interrogatories, on May 16, 1991, Richard Jasmin lit the lawn flare which burned for approximately 35-40 minutes before it started “spewing a hot waxy substance in different directions.”
On January 31, 1994, plaintiffs brought a product liability action against Liss claiming they sustained injuries from the allegedly defective lawn flare. Liss answered on March 16, 1994.
On May 20, 1996, Liss moved for leave to file a third-party complaint against Universal. This Court (Roseman, J.) granted the motion. On June 28, 1996, Liss filed its Third-Party Complaint. Liss alleges that Universal manufactured the lawn flare and seeks indemnification and a statutory claim of contribution against Universal.
Universal is a foreign corporation with its principal place of business in Hong Kong. Liss does not contest recitations in Universal’s affidavit that: (1) all five members of Universal’s Board of Directors are located in and reside in Hong Kong; (2) Universal has never manufactured, designed, or sold any product in Massachusetts; (3) Universal has sold some candles from Hong Kong to customers in Massachusetts, amounting to .5% of Universal’s total sales; (4) Universal has never received a license to do business or appointed a resident agent for service of process within Massachusetts; (5) Universal has never had an office, maintained a telephone number, leased or owned property in Massachusetts; (6) Universal has never paid taxes in Massachusetts; (7) Universal has never sold its lawn flares in Massachusetts, or to customers in Massachusetts from Hong Kong; and (8) Universal has never entered into a contract to provide such products in Massachusetts.
DISCUSSION
I. Standard of Review
This Court grants summary judgment where there are no genuine issues of material facts and where the summary judgment record entitles the moving party to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving pariy bears the burden of demonstrating affirmatively the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial must demonstrate the absence of a triable issue either by submitting evidence negating an essential element of the nonmoving party’s case or by showing that the non-moving party is unlikely to submit proof regarding that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party cannot defeat the motion for summary judgment by resting “on his or her pleadings and mere assertions of disputed facts . . .” LaLonde v. Eissner, 405 Mass. 207, 209 (1989). The nonmoving party’s failure to prove an essential element of his case “renders all other facts immaterial" and mandates summary judgment in favor of the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Kourouvacilis, 410 Mass. at 711.
II. Motion to Dismiss
A. Timeliness of Service
Mass.R.Civ.P. 4(j) requires the dismissal of an action where service of the summons and complaint is not made within 90 days of the filing of the action.[3] The sole exception to a Rule 4(j) dismissal is for good cause shown by the plaintiff.
In this instance, third-party plaintiff Liss failed to serve Universal within ninety days of commencing this action. Liss filed its claims against Universal on June 28, 1996. Universal did not receive service until March 17, 1997, more than 90 days after the filing of the complaint.[4] Thus, Liss failed to comply with the strictures of Mass.R.Civ.P. 4(j).
Liss argues, however, that the Hague Convention preempts Mass.R.Civ.P 4(j) and that this Court should interpret Rule 4(j) as having the same exemption for foreign service as Fed.R.Civ.P 4(m).[5] In Golub v. Isuzu Motors, 924 F.Sup. 324, 326 (D.Mass. 1996), the First Circuit recognized that the provisions of the Hague Convention preempts any inconsistent methods of state service. The circuit court did not state the convention preempts “time” requirements. Furthermore, the Court should look to the interpretations of the federal rule only “absent compelling reasons to the contrary or significant differences in content." Shuman v. The Stanley Works, 30 Mass.App.Ct. 951, 953 (1991) (rescript) (emphasis added). The difference in content here is that Massachusetts imposes a 90-day deadline for all service whereas the federal statute imposes no time limitation.
Pursuant to Mass.R.Civ.P. 4(j), if Liss can show good cause for its failure to effect timely service then the Court will not dismiss its claims. Good cause is “ ‘a stringent standard requiring diligen[t]’ albeit unsuccessful effort to complete service within the period *737 prescribed by the rule." Shuman, 30 Mass.App.Ct. at 953, quoting Davis-Wilson v. Hilton Hotels Corp., 106 F.R.D. 505, 509 (E.D. La. 1985); see also Hull v. Attleboro Savings Bank, 33 Mass.App.Ct. 18, 26 (1992) (stating good cause exception applies only where party had made diligent effort to effect timely service); Heacock v. Heacock, 30 Mass.App.Ct. 304, 305 (1991) (recognizing plaintiff may prevent Rule 4(j) dismissal only upon showing of good cause). A showing of evasion of service by the party to be served is an "obvious example” of good cause. James W. Smith & Hiller B. Zobel, Rule Practice §4.2 at 83 (Supp. 1996).
No good cause is shown here. Liss claims only that “numerous” failed inquiries with the British Consulate stalled any attempts at service until January 17, 1997 (seven months after the filing of the complaint) when Liss learned of an organization which could assist them in effectuating service. Compare United States v. Ayer, 857 F.2d 881, 886 (1st Cir. 1988) (finding good cause shown in part because defendant corporation largely defunct and “shrouded in mystery”). No evasion on behalf of Universal is alleged. Further, Liss never sought an extension of time under Mass.R.Civ.P. 6(b) in which to serve the Complaint. See Shuman, 30 Mass.App.Ct. at 953 (deeming failure to request extension of time some evidence of lack of diligence). Accordingly, the Court finds no good cause to prevent the 4(j) dismissal.
B. Insufficiency of Service of Process
Universal’s insufficiency of service of process arguments rests on two separate grounds. First, Universal asserts that service of process upon Universal was defective due to Liss’ failure to comply with the service requirements under the Hague Convention. Second, Universal contends that Liss failed to make service upon a person designated by statute. Accordingly, Universal seeks the dismissal of Liss’ claims pursuant to Mass.R.Civ.P. 12(b)(5).
1. Failure to Appoint a Process Server
In serving Universal, a foreign corporation, Liss needed to comply with the requirements of the Hague Convention. The Hague Convention requires that a party effect service with someone authorized to serve process in the State where the documents originate. Universal contends and Liss concedes that APS International, the organization which Liss engaged to effect service, was not authorized to attempt service of process pursuant to Mass.R.Civ.P. 4(c).[6] Liss argues that this “oversight” is a technical defect and one that the Court in its discretion may allow Liss to cure.[7] The Court declines to exercise its discretion in favor of allowing the amendment. If nothing else, Liss’ delay in effecting service should have allowed it adequate time to comprehend the necessary statutory requirements.
2. Service Upon Designated Individuals
Universal next argues that Liss failed to comply with the G.L.c. 223, §37-38. Sections 38 and 37 together dictate that service of process on foreign corporations be made upon the president, treasurer, clerk, resident agent, cashier, secretary, or agent or other officer in charge of the corporation’s business. Here, APS International served the “Director" of Universal in hand. A director is not one of the persons specially designated in the statute nor does the title necessarily constitute an agent or officer in charge of the corporation’s business. Some other evidence is needed to determine that the director of Universal was one in charge of the corporation’s business. See Ayer, 857 F.2d at 888 (finding evidence, albeit “meagre" to show agent in control of business because individual controlled exchequer). Liss has failed to present such evidence.
C. Reach of Personal Jurisdiction
Universal claims that this Court may not lawfully exercise personal jurisdiction over it. Rather, Universal seeks dismissal of Liss’ Complaint pursuant to Mass.R.Civ.P. 12(b)(2), which allows a court to dismiss for lack of personal jurisdiction. “Jurisdiction is conferred only ‘when some basis for jurisdiction enumerated in the [the longarm statute] has been established.’ ” Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994). In addition to satisfying the statutory requirements, the Court’s exercise of personal jurisdiction must be “consistent with basic due process requirements mandated by the United States Constitution.” Id. A plaintiff bears the burden of establishing that the Court has personal jurisdiction over the defendant. Id., citing Droukas v. Divers Training Academy, Inc. 375 Mass. 149, 151 (1978). The Court can not misplace the burden by drawing any unnecessary inferences in favor of the plaintiff. Nichols Assocs., Inc. v. Starr, 4 Mass.App.Ct. 91, 94 (1976).
1. Jurisdiction Under the Longarm Statute
Liss claims that G.L.c. 223A, §3(d) authorizes the reach of personal jurisdiction in this instance.[8] Section 3(d) of the longarm statute permits this Court to exercise personal jurisdiction over the defendant if the plaintiff has suffered tortious injury in this Commonwealth and “if [the defendant] regularly does or solicits business, or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth.” G.L.c. 223A, §3(d). No dispute exists as to whether the requirement of the first prong of clause (d) has been met, namely, that the plaintiff has alleged a tortious injury in Massachusetts arising out of Universal’s alleged negligent design and manufacture of the product in Hong Kong.
As to the second prong, Liss has failed to show that Universal regularly conducts or engages in a persistent course of conduct in Massachusetts. On the other hand, evidence does exists which supports the claim that Universal derives “substantial revenue” from “goods used or consumed” in the Commonwealth. Specifically, Universal has sold some candles from Hong Kong to Massachusetts customers.[9] Universal *738 downplays the significance of this action by stating that the dollar value of these sales was never more than approximately .5% of Universal’s total annual sales. Although .5% is a small ratio, “[r]atio ... is not the test since ratio is not itself a quantity but merely the relation of one quantity to another.” Mark. v. O'Bear & Sons, Inc., 313 F.Sup. 373, 375 (D.Mass. 1970). “Thus, if [Universal] were a giant corporation with annual sales of a billion dollars, the same small percentage would amount to five million dollars.” Id. at 375-76. In Mark, the District Court held that even $5,000 or .5% of total annual revenues was substantial revenue within the meaning of the statute. Id. at 376.
2. Due Process Requirements
Even if Liss can successfully satisfy the statutory requirements, the Court concludes that no personal jurisdiction would exist because the facts here do not comport with the due process clause of the Fourteenth Amendment. In order to constitutionally exercise personal jurisdiction over a defendant it must be shown that the defendant purposefully established minimum contacts in the forum State. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985); Tatro, 416 Mass. at 772. The plaintiffs claim must arise out of, or relate to the defendant’s forum contacts. Burger King Corp., 471 U.S. at 472; Tatro, 416 Mass. at 772. “The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State.” Heins v. Wilhelm Loh Wetzlar Optical Machinery GmbH & Co. K.G., 26 Mass.App.Ct. 14, 24 (1988), quoting Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 112 (1987) (O’Connor, J.). Other facts are needed showing intent and purpose to serve the market in the forum State. Asahi, 480 U.S. at 112 (O’Connor, J.).
In this instance, the evidence supports the finding that Universal’s contact with the forum State consists of: (1) selling and shipping at least some candles to Massachusetts customers directly; and (2) selling products, including “lawn flares,” to a distributor in Pennsylvania who in turn sells the products into the stream of commerce allowing Universal’s products to become swept into Massachusetts. Liss has not set forth sufficient evidence, nor does any exist, in which to determine that Universal has purposely availed itself of the protection and privileges of the laws of Massachusetts. Compare Asahi, 480 U.S. at 112 (recognizing purposeful contact with forum State evidenced by specifically designing for forum State, advertising in forum State, and marketing products through distributor acting as sales agent for forum State). Mere awareness that its products may be eventually swept into the State is not sufficient to establish minimum contacts. Moreover, plaintiffs’ claim does not arise out of the sale of candles made directly to Massachusetts customers.
Finally, “the assertion of jurisdiction over the defendant must not offend ‘traditional notions of fair play and substantial justice.’ ” Tatro, 416 Mass. at 773, quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945), quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940). “In practical terms, this means that an assertion of jurisdiction must be tested for its reasonableness, taking into account such factors as the burden on the defendant of litigating in the plaintiffs chosen forum, the forum State’s interest in adjudicating the dispute, and the plaintiffs interest in obtaining relief.” Tatro, 416 Mass. at 773. Despite Massachusetts’ interest in protecting its citizens from defective products, the exercise of personal jurisdiction over Universal would, in this instance, not comport with the traditional notions of fair play and substantial justice.
ORDER
For the foregoing reasons, this Court ORDERS that Universal’s motion to dismiss for failure to effect timely service, failure to serve a designated individual, failure to appoint a valid process server and for lack of personal jurisdiction be ALLOWED. Liss’ request for ninety days in which to conduct written discovery and file further opposition on the issue of personal jurisdiction is DENIED.

 No separate motion was filed.

 Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion. Mass.R.Civ.P. 4(j).

 The director of Universal Candle Mr. David So accepted service in hand on behalf of the corporation.

 Fed.R.Civ.P. 4(m) requires that a party serve a summons and complaint upon the other party with 120 days from the filing of the complaint. A recent amendment to this rule exempts from the time requirement all service made pursuant to the Hague Convention.

 Mass.R.Civ.P. 4(c) provides, in pertinent part, that “service of all process shall be made by a sheriff, by his deputy, or by a special sheriff; by any other person duly authorized by law; by some person specially appointed by the court for that purpose; or in the case of service of process outside the Commonwealth, by an individual permitted to make service of process under the law of this Commonwealth . . .”

 Mass.R.Civ.P. 4(g).

 In its memorandum, Universal raises arguments against the assertion of personal jurisdiction pursuant to G.L. 223A, §3(a), (b), and (c), as well as clause (d). As Liss Brothers asserts only that clause (d) applies in this instance, the Court will only address the existence of personal jurisdiction under clause (d).

 In an affidavit submitted by Universal, it describes these sales as shipments.