**Candy WHIPPLE, Plaintiff–Appellant,**

v.

**PHARMACIA & UPJOHN COMPANY, Defendant–Appellee.**

No. 99–16973.

D.C. No. CV–98–03765–MGP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 2001.

Decided May 8, 2001.

Before SCHROEDER, Chief Judge, D.W. NELSON, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

Plaintiff Candy Whipple appeals from the district court's dismissal of her products liability action against defendant Pharmacia & Upjohn Company for failure to make timely service under Fed.R.Civ.P. 4(m). We affirm, because Whipple has failed to show good cause for her failure to serve process within the 120–day period prescribed by Fed.R.Civ.P. 4. Nor has she provided any basis for a discretionary extension of that period.

 Whipple claims that she failed to serve process within the 120–day period because she was awaiting a ruling by the United States District Court for the Eastern District of Texas on her motion to intervene in a similar suit against Pharmacia & Upjohn Company before that court. We agree with the district court that "filing what amounts to a holding action in one court while litigating a similar action in another court is not good cause" for failing to timely serve process. *See Salow v. Circus–Circus Hotels, Inc.,* 108 F.R.D. 394 (D.Nev.1985).

Whipple also suggests that there was additional good cause for an extension because the running of the statute of limitations forecloses her from filing a new complaint. This argument was not raised in the district court and was therefore waived. *See Slaven v. Am. Trading Transp. Co.,* 146 F.3d 1066, 1069 (9th Cir. 1998).

Whipple contends that the district court abused its discretion by dismissing this action after having granted two extensions of the service period, once under a local rule requiring service within forty-five days of the filing of the complaint and once under Fed.R.Civ.P. 4(m). The district court, however, granted each extension subject to the express condition that defendant could later assert Rule 4 objections. There was no abuse of discretion.

Because the district court did not abuse its discretion in dismissing the complaint, we affirm.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.