**Phillip S. SIPES and Carol D. Sipes, Plaintiffs,**

v.

**GALAXY AIRLINES, INC., a Florida corporation; Lockheed Corporation, a California corporation; Detroit Diesel Allison Division of General Motors Corporation, a Delaware corporation; Hamilton Standard, A Division of United Technologies, a Delaware corporation; Caesars World, Inc., a Florida corporation; Desert Palace, Inc., dba Caesars Tahoe, a Nevada corporation; Hy Thayer, an individual; #1 Club, a business entity; I.P.M. Technology, Incorporated, a New York corporation, qualified to do business in Nevada, and dba Reno Flying Service; and Does One Through One Hundred, Defendants.**

**No. CV–N–87–20–ECR.**

United States District Court, D. Nevada.

Feb. 26, 1988.

Carter King, Reno, Nev., for plaintiffs.

William G. Cobb, Reno, Nev., for Allison Gas Turbine, Div. of GMC.

Clinton E. Wooster, Reno, Nev., for Tech, dba Reno Flying Service.

C. James Georgeson, Reno, Nev., for Hamilton Standard.

Goldwater & Schnitzer, Las Vegas, Nev., for Caesars World, Inc.

Frederic R. Starich, Reno, Nev., for Lockheed Corp.

Walter J. Lack and William Clemmons of Enstrom, Lipscomb & Lack, Los Angeles, Cal. and Alan McKissick of Beckley, Singleton, Delanoy, Jemison & List, Reno, Nev., for Galaxy Airlines/Hy Thayer.

**ORDER**

EDWARD C. REED, Jr., Chief Judge.

This action is brought by Phillip S. Sipes and Carol D. Sipes against nine known and one hundred unknown defendants for damages. The case arises from an aviation disaster in Reno, Nevada, on January 21, 1985.

Four of the defendants—Caesars World, Hamilton Standard, I.P.M. Technology, Allison Gas Turbine (sued as "Detroit Diesel Allison")—have filed motions to dismiss (dockets # 8, 9, 10, and 11). Defendants Galaxy Airlines and Hy Thayer have joined in those motions (docket # 29). The plaintiffs have filed an opposition to the motions to dismiss (docket # 51). The movants have replied (dockets # 28, 30, 31, and 33).

All four motions to dismiss are based upon Fed.R.Civ.P. 4(j), which provides in relevant part:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Defendant Hamilton Standard raises additional issues, which need not be addressed.

The complaint in this case was filed January 20, 1987 (docket # 1). The 120–day period for service ended May 20, 1987. The record shows that, as of that date, none of the defendants had been served. On May 20, 1987, the Court issued a notice to the plaintiffs which advised them of the language of Fed.R.Civ.P. 4(j) and which stated:

> Be advised that the official record in this action reflects the Complaint was filed herein on January 20, 1987. Further, to date there has been no proof of service filed as to the following parties: all named defendants.
>
> Notice is hereby given that this action shall be dismissed without prejudice as to said party(ies) unless on or before June 20, 1987, there is filed with the clerk proof of service on the above named party(ies), which service must have taken place prior to the expiration of the 120–day time limit set forth in FRCP 4(j), or good cause is shown why such service was not made within that period.

> Failure to comply with this notice shall result in automatic dismissal of the action without prejudice as to said party(ies).

*See* Notice Regarding Intention to Dismiss Pursuant to Rule 4(j) of the Federal Rules of Civil Procedure, May 20, 1987 (docket # 2). The plaintiffs did subsequently file proof of service with respect to certain of the defendants. The proof of service was filed on June 19, 1987 (dockets # 3, 4, and 5). The proof of service shows service on I.P.M. Technology on June 17, 1987; on Desert Palace on June 18, 1987; on Galaxy Airlines on June 19, 1987; and on Caesars World on June 18, 1987. Also on June 19, 1987, the plaintiffs filed affidavits indicating that between June 17 and June 19, 1987, attempts were made to serve the # 1 Club and Hy Thayer; the attempts were not successful. The Court finds no proof of service or diligence relative to the other defendants in this case. Finally, it is worth noting that the record shows that summonses were not issued until June 11, 1987.

The record is clear. The plaintiffs did not serve any of the defendants within 120 days after filing their complaint. I.P.M. Technology was served 148 days after the complaint was filed. Desert Palace and Caesars World were served on day 149. Galaxy Airlines was served on day 150. Attempts to serve the # 1 Club and Hy Thayer were made on days 148 through 150; those two defendants have apparently never been served. There is no proof of service or even attempted service upon defendants Lockheed, Hamilton Standard, and Allison Gas Turbine. Hamilton Standard and Allison Gas Turbine, however, admit to being served on June 18, 1987, 149 days after the filing of the complaint. *See* Points and Authorities in Support of Motion to Dismiss of Hamilton Standard (docket # 9) at page 3, lines 21–24; Points and Authorities in Support of Motion to Dismiss of Allison Gas Turbine at page 2, lines 12–16. In general, the plaintiffs' service on each defendant in this case was late or nonexistent, and there is no indication that any attempt whatsoever was made to effect service in a timely manner.

The plaintiffs' primary excuse for failure to timely serve the defendants is ignorance of Rule 4(j). The plaintiffs argue that they proceeded *pro se* during the time for service and, therefore, their ignorance of Rule 4(j) should be considered good cause for their untimely service. Plaintiffs also argue that they were misled by the Court's May 20 notice.

The language of Rule 4(j) is strict; however, its application is not unduly harsh due to the allowance of extensions of time under Rule 6(b). In the present case the plaintiffs did not seek extensions of the time to serve. Thus, this Court must dismiss the action unless plaintiffs show good cause why they did not effect timely service.

In *Ruley v. Nelson*, 106 F.R.D. 514 (D.Nev.1985), this Court held that inadvertence or more specifically, ignorance of the law, is not good cause for failure to serve in a timely manner. This rule applies as well to *pro se* litigants, who must follow the rules of procedure.

The plaintiffs in the case at hand made no effort to serve the defendants during the 120 days allowed for service. Their ignorance of Rule 4(j) is not good cause for such delay.

Moreover, the Court does not find good cause in the plaintiffs' confusion over the Court's May 20 notice. That notice issued on the last day for timely service. Even if it is accepted that the notice confused plaintiffs, the confusion cannot be a reason for the plaintiffs' failure to effect timely service. Moreover, the Court has reviewed the notice provided plaintiffs, and finds that it is, in fact, clear. The Court finds no basis for the claim that it misled the plaintiffs.

The Court then, finds that the plaintiffs' service of the defendants in this case has been untimely. The plaintiffs have failed to show good cause for their failure to effect timely service.

The Court acknowledges that the plaintiffs may face a bar to subsequent filing of this case as a result of the statute of limitations. This circumstance does not change the standards applicable under Fed. R.Civ.P. 4(j).

IT IS, THEREFORE, HEREBY ORDERED that the motions to dismiss of defendants Caesars World (docket # 8), Hamilton Standard (docket # 9), I.P.M. Technology docket (# 10), and Allison Gas Turbine (docket # 11), all joined in by defendants Galaxy Airlines and Hy Thayer (docket # 29), are GRANTED.

IT IS FURTHER ORDERED that the plaintiffs' action is DISMISSED without prejudice as to all defendants. The Clerk of the Court shall enter judgment accordingly.