LEONARD SHUMAN *vs.* THE STANLEY WORKS. No. 90-P-184. May 14, 1991. *Practice, Civil*, Service of process, Judicial discretion, Dismissal. *Words*, "Good cause."

The sole issue in this appeal from the dismissal of the plaintiff's complaint is whether the plaintiff has shown good cause for his failure to effect timely service of a complaint within ninety days, as required by Mass.R.Civ.P. 4(j), as amended, 402 Mass. 1401 (1988).[1] We conclude

---

[1]Massachusetts Rule of Civil Procedure 4(j), as so amended, reads as follows:

"Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot

that the facts of this case do not excuse the plaintiff's counsel from compliance with rule 4(j). We affirm.

The plaintiff alleges that, in October 1985, he suffered personal injury when he attempted to install in his home a doorknob manufactured by The Stanley Works, a Connecticut corporation conducting business in Massachusetts. After unsuccessful attempts to settle the matter with The Stanley Works, Shuman engaged the services of an attorney who also sought to settle the matter with The Stanley Works, and was unable to do so. The attorney commenced an action in tort on Shuman's behalf on September 30, 1988. The attorney then became ill and entrusted the matter to another attorney who apparently also became ill during December, 1988, in the course of attempting to effect service upon The Stanley Works. On December 5, 1988, the second attorney contacted the office of the State Secretary for the Commonwealth of Massachusetts, and was informed that the division of corporations had no listing of a resident agent for The Stanley Works. On December 12, 1988, she contacted C.T. Corporation in Massachusetts, and was informed that it was not the representative agent for The Stanley Works. After contacting the Department of Corporations for the State of Connecticut on December 21, 1988, the second attorney was informed that C.T. Corporation in Hartford would accept service as agent of The Stanley Works. She then attempted, unsuccessfully, to effect service through a Connecticut constable by way of two letters, dated December 22, 1988, and January 16, 1989, and several telephone calls. Service was finally effected by a Hartford deputy sheriff on March 20, 1989, one hundred and seventy-one days after the filing of the complaint.

On March 3, 1989, the trial court, sua sponte, dismissed Shuman's complaint without prejudice for failure to effect service within ninety days after filing of the complaint as required by Mass.R.Civ.P. 4(j). Our review of the record reveals that no information about the illnesses of the attorneys was before the court when it dismissed the case.[2] Therefore, we do not consider it.

Shuman sought to vacate the dismissal; the motion was denied. He appealed from the denial of his motion to the Appellate Division of the District Court, which ordered the dismissal of the report of the case on January 8, 1990. Shuman thereupon appealed to this court, claiming that the motion judge abused his discretion in denying his motion to vacate the dismissal.

We have found no Massachusetts cases interpreting Mass.R.Civ.P. 4(j). See, however, *Heacock* v. *Heacock*, *ante* 304, 305-306 (1991). We are, however, guided by judicial interpretation of the parallel Federal rule, ab-

---

show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."

[2]At oral argument, Shuman's present counsel conceded that the fact of these illnesses was raised for the first time on this appeal.

sent compelling reasons to the contrary or significant differences in content. *Rollins Envtl. Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 179-180 (1975). See *Giacobbe* v. *First Coolidge Corp.*, 367 Mass. 309, 315-317 (1975). Federal Rule of Civil Procedure 4(j) is nearly identical to its Massachusetts counterpart, except that it allows for one hundred and twenty days within which to effect service. Under Federal law, the standard of review is whether the motion judge committed an abuse of discretion in denying the motion to remove the dismissal. *Wei* v. *State*, 763 F.2d 370, 371 (9th Cir. 1985). *Braxton* v. *United States*, 817 F.2d 238, 242 (3d Cir. 1987). The burden is on the plaintiff to show "good cause" why service was not made within the time period required by the rule. *Winters* v. *Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985). *Rivera* v. *Nissan Mfg. Co.*, 788 F.2d 819, 821 n.2 (1st Cir. 1986). "The only example of good cause provided by the legislative history is the obvious one of a defendant's evasion of service." *Wei, supra. Lovelace* v. *Acme Markets, Inc.*, 820 F.2d 81, 84 (3d Cir. 1987). There is nothing in the record to suggest that The Stanley Works, a large and well known corporation, sought to evade service.

"Good cause" has been defined as "a stringent standard requiring diligen[t]" albeit unsuccessful effort to complete service within the period prescribed by the rule. *Davis-Wilson* v. *Hilton Hotels Corp.*, 106 F.R.D. 505, 509 (E.D. La. 1985). The focus of the court's inquiry is the reasonableness and diligence of counsel's effort to effect service within the time required. *Quann* v. *Whitegate-Edgewater*, 112 F.R.D. 649, 659 (D. Md. 1986). Shuman's counsel waited more than sixty-five days before attempting to locate an agent to accept service of process for the defendant. Counsel's first attempt at service, the engaging of a Connecticut constable, was not made until eight days before the expiration of the ninety-day time period. The Appellate Division concluded, we think reasonably, that this was "an obvious disregard for the plaintiff's rule 4(a) responsibility to make 'prompt service of the summons and complaint.'" The failure of the constable to complete service did not constitute "good cause" for noncompliance with rule 4(j). *Braxton* v. *United States*, 817 F.2d at 242. Similarly, the failure of Shuman's counsel to request an extension of time for service under Mass.R.Civ.P. 6(b), 365 Mass. 747 (1974), is some evidence of lack of diligence. *Davis-Wilson, supra* at 508. Finally, while The Stanley Works apparently did not list a resident agent for service of process in Massachusetts, see G. L. c. 181, § 4, alternative means for effecting service upon The Stanley Works were available and not utilized by Shuman's counsel. These included service upon the Massachusetts State Secretary, G. L. c. 181, § 15, or service under G. L. c. 223A, §§ 3-4, the long-arm statute. In these circumstances, the Appellate Division correctly ruled that the judge did not abuse his discretion. Counsel's inadvertence and lack of diligence in effecting service of process exemplify what the adoption and application of rule 4(j) seek to avoid. See, e.g., *Wei, supra* at 372;

*Braxton, supra* at 241; *Lovelace, supra* at 84. Shuman's counsel failed to show "good cause."[3]

*Order dismissing report affirmed.*

*Sandra F. Bloomenthal* for the plaintiff.
*Stephen Michael Ouellette* for the defendant.

---

[3] That Shuman's cause of action against the defendant is time-barred, as the statute of limitations has now expired, does not prevent dismissal. See, e.g., *Lovelace, supra* at 85; *Sipes* v. *Galaxy Airlines, Inc.,* 119 F.R.D. 691, 693 (D. Nev. 1988). Similarly, we reject, as did the court below, Shuman's argument that dismissal of this matter is inappropriate because The Stanley Works has not been prejudiced by the delay. The underlying policy of rule 4(j) is "to encourage prompt movement of civil actions in [the] courts" and "prejudice to the defendant would not appear to be a relevant consideration." 2 Moore's Federal Practice § 4.46 n.4 at 4-433 — 4-434 (1990).