Cowin, J.
This action arises out of an accident in which a Stop & Shop Companies, Inc. (Stop & Shop) employee was injured while operating a machine manufactured and sold by defendant Tetra Laval Convenience Food GMBH & Co. KG (named as Kramer & Grebe GMBH & Co. KG by the plaintiff) (hereinafter KG), a foreign corporation. The machine was located on Stop & Shop’s premises. Stop & Shop paid its employee over $200,000 as a result of workers’ compensation benefits and now, as subrogee of the employee, is suing KG for negligence and on various breach of warranty theories.
Defendant KG has moved to dismiss for failure of the plaintiff to make service upon KG within 90 days of the date the complaint was filed as required by Mass.R.Civ.P. 4(j). For the following reasons, the defendant’s motion is denied.
The following facts are not disputed. Plaintiffs complaint was filed on April 12, 1996. Plaintiff did not *262 properly serve KG within ninety days thereafter. Counsel for co-defendant T.W. Kutter, Inc. (Kutter) was informed of this suit by service upon Kutter. Since counsel for Kutter has also served as counsel for KG in the past, KG became aware of the lack of service.
Mass.R.Civ.P. 4(j) provides that if service is not made within ninety days after filing without a showing of good cause, the action is subject to dismissal without prejudice on motion of a defendant.[1] “Good cause” is a stringent standard that requires diligent albeit unsuccessful effort to complete service within the prescribed period. Hull v. Attleboro Savings Bank, 33 Mass.App.Ct. 18, 25-27 (1992), citing Shuman v. Stanley Works, 30 Mass.App.Ct. 951, 953 (1991). The good cause exception applies only when there has been diligent effort timely to effect service. Id.
In the instant case, an attorney representing the plaintiff has filed an affidavit (affidavit) indicating the steps plaintiff has taken to attempt to perfect service and the difficulty plaintiff has encountered in locating KG. Regardless of whether these steps constitute good cause, the defendant’s own actions have lulled the plaintiff into believing that KG was not contesting the lack of service. The affidavit states that an attorney representing the plaintiff was contacted on July 8, 1995 (prior to the expiration of the ninety-day period for making service) by an attorney from the firm of Turner and Boisseau, a Wichita, Kansas firm, who informed her that he was representing both KG and Kutter. The attorney from Turner and Boisseau requested an extension of time to file a responsive pleading. Two and one-half weeks later (by then after the ninety-day period had expired), a second lawyer from Turner and Boisseau advised the plaintiffs counsel that an answer was being filed by Turner and Boisseau on behalf of both defendants. A few days later, the original attorney from Turner and Boisseau contacted plaintiffs counsel to again request an extension. This request was granted.[2] Within days thereafter, plaintiff received the instant Motion to Dismiss of KG. The above averments are not countered by an affidavit from defendant.
The statement by an attorney that he is representing both defendants and is seeking additional time to file a responsive pleading implies that service will not be an issue because once an answer has been filed the defendant has obviously acknowledged jurisdiction. Defendant argues that the request for additional time to file a “responsive pleading” should not have been interpreted by plaintiffs counsel as implying that KG would be filing an answer. Rather, he argues that a “responsive pleading” could mean a motion to dismiss. However, an answer is a pleading; a motion is not. Even if the term “pleading” were used improperly by the Turner and Boisseau attorney, the tenor of the original conversation on July 8, 1995 (and the subsequent conversations) would indicate to any reasonable listener that service of the complaint was not being contested. Indeed, in the second conversation, plaintiffs counsel was specifically informed that an answer was being filed on behalf of both defendants. Again, it is noted that defendant has not filed a counter-affidavit.
Given the requests for extensions of time and the subsequent statement that an answer was being filed, if counsel for the defendant had any thought that service was still an issue, he certainly had a duty to so state. Absent any such statement, the implication is clearly to the contrary.
Defendant cites the recent case of Chaffin v. Linden Construction, Inc., 5 Mass. L. Rptr. No. 11, 241 (June 17, 1996) (Suffolk No. 955601 E) (Lauriat, J.), to support its dismissal argument. That case is distinguishable from the one at bar. In Chaffin, reliance on erroneous advice from the clerk’s office did not constitute “good cause” sufficient to excuse service of a complaint beyond ninety days after filing. However, the clerk’s office advice was directly contrary to the Massachusetts Rules of Civil Procedure and the Rules of the Superior Court. The factual situation here is completely different. The present case does not involve erroneous advice from a clerk on which counsel should not have relied because it was in contradiction to established practice expressed in rules. That is not the issue here. The issue here is whether the rule has been violated at all in view of the fact that it contains an exception for good cause. Good cause is certainly established when the defendant lulls plaintiff into believing that service is no longer necessary. In Chaffin, there was a clear violation; in the present case there is none.
The defendant’s actions to lull the plaintiffs counsel into permitting time to pass are not to be rewarded by dismissal of the action. The law should not permit such an unfair and unjust result.[3]
ORDER
For all the foregoing reasons, the motion to dismiss of the defendant Kramer & Grebe GMBH & Co. KG is DENIED.

Plaintiff states that it would be barred by the statute of limitations from refiling the complaint against KG.

During the period of the extensions plaintiff continued to investigate the location of KG.

Defendant cites other grounds for dismissal such as misnomer and failure to state a claim upon which relief may be granted. Neither written nor oral argument on these issues was presented that is sufficient to warrant judicial attention to them. If there is misnomer, plaintiff may file a motion to amend within the thirty days of receipt of this Order.