Chin, J.
The defendant, Ronald J. Emma, moves pursuant to Mass.R.Civ.P. 12 (b)(2), (4)-(5) to dismiss the sexual harassment complaint filed against him by the plaintiff, Jennifer L. Lawrence. In support of his motion, the defendant asserts that this court lacks jurisdiction over him because both the process and service of process accorded him was legally insufficient under Mass.R.Civ.P. 4(c) and 4(j), thereby requiring this Complaint to be dismissed. Upon review of the relevant facts, this court concludes that the process and service of process accorded Ronald J. Emma was legally sufficient, and this court has proper jurisdiction over him.
BACKGROUND
On January 21, 1997, the plaintiff, Jennifer L. Lawrence, filed with this court a nine-page Complaint with nine pages of exhibits, naming Ronald J. Emma and Ferdinand Emma as defendants. The plaintiff was employed as a bartender at O’Brian’s Pub, which was owned by Ronald J. Emma. Ferdinand Emma worked at O’Brian’s on a regular basis, performing various duties, including the supervision of O’Brian’s employ *607 ees. (Complaint at 2.) In her Complaint, the plaintiff alleges that Ferdinand Emma sexually harassed her while she was working at O’Brian’s and seeks damages in excess of $25,000.
On February 8, 1997, only nineteen days after the Complaint was filed, Constable David Harris, Sr. served both the defendants with a summons and the Complaint.[1] On February 12, 1997, Constable Harris made his return of service to this court. Prior to serving the defendants, however, Constable Harris neglected to have himself appointed as a special process server pursuant to Mass.R.Civ.P. 4(c) and M.G.L.c. 41, §92.[2] To cure this service defect, the plaintiff moved on April 30, 1997 to have Constable Harris appointed as a special process server and to extend the time for service beyond the original 90-day deadline of April 21, 1997. These motions were both granted the same day. On June 4 and 5, Ronald J. Emma and Ferdinand Emma were respectively served by a Plymouth County Deputy Sheriff. Service at this time included the nine-page Complaint, the accompanying exhibits, and the summons and cover sheet. On June 18, 1997, the defendants filed a Motion to Dismiss the Complaint, asserting that the court lacked personal jurisdiction over them for several reasons as set out below.
DISCUSSION
In his Memorandum in support -of his Motion to Dismiss, the defendant raises three issues for the court’s review. First, the defendant asserts that this court lacks jurisdiction over the person of Ronald J. Emma because: the service of process by Constable Harris was a legal nullity: the plaintiffs failure to properly effect service within the 90-day deadline mandates dismissal of the plaintiffs Complaint; and an extension of the time for service was improperly granted after the service deadline. Second, the defendant contends that the process accorded him was legally insufficient. Third, the defendant contends that the service of process on Ronald J. Emma was legally insufficient.
I. This Court Does Not Lack Jurisdiction Over the Defendant.
The defendant contends that the service of process accorded him by Constable Harris on February 8, 1997 was a legal nullity because the damages sought in the Complaint exceeded his statutory authority. Under M.G.L.c. 41, §92, “a constable ... may... serve any such writ or other process in which the damages are laid at a sum not exceeding two thousand five hundred dollars.” Because the plaintiffs Complaint in the case at bar seeks damages in excess of $2,500, the defendant asserts that Constable Harris had no authority to serve process on him absent his being appointed as a special process server. Accordingly, on April 30, 1997, this court allowed the plaintiffs motion to appoint Constable Harris as a special process server pursuant to Mass.R.Civ.P. 4(g).[3] The defendant, however, challenges this appointment because it occurred after process had already been served on the defendants.
This court concludes that the appointing of Constable Harris as a special process server on April 30, 1997 was proper under Mass.R.Civ.P. 4(g). Moreover, assuming arguendo that this special appointment was not proper, service was properly effected on the defendant, Ronald J. Emma, on June 4, 1997 during the extended time[4] for service by a Plymouth County Deputy Sheriff. (Plaintiffs Mem. in Opp. to Motion to Dismiss at 2.)
II. Failure to Effect Service Within 90 Days Does Not Mandate Dismissal of the Complaint.
The defendant further contends that the plaintiffs failure to properly effect service within the first 90 days after the Complaint was filed mandates dismissal of the Complaint pursuant to Mass.R.Civ.P. 4(j).[5] The aggrieved plaintiffs only means by which to oppose such dismissal is by a showing of “good cause." “Good cause has been defined as a ‘stringent standard requiring diligen(t)’ albeit unsuccessful effort to complete service within the period prescribed by the rule.” Shuman v. The Stanley Works, 30 Mass.App.Ct. 951, 953 (1991) (quoting Davis-Wilson v. Hilton Hotels Corp., 106 F.R.D. 505, 509 (E.D. La. 1985)). No longer is dismissal of a Complaint allowed only upon a showing of prejudice to the defendant: an unfair tactical advantage to the plaintiff: or harassment of the defendant. See School Comm. of Holyoke v. Duprey, 8 Mass.App.Ct. 58, 60-61 (1979). When a court is presented with the question of whether or not to dismiss a Complaint pursuant to Mass.R.Civ.P. 4(j), “[t]he focus of the court’s inquiry is the reasonableness and diligence of counsel’s effort to effect service within the time required.” Shuman, 30 Mass.App.Ct. at 953. The “good cause” exception to dismissal under Rule 4(j) applies only where there has been diligent effort to effect service. See Hull v. Attleboro Savings Bank, 33 Mass.App.Ct. 18, 26 (1992).
In cases where a Complaint has been dismissed pursuant to Mass.R.Civ.P. 4(j), there has been a blatant lack of reasonableness and diligence regarding counsel's effort to effect service within the time required. For example, in Shuman, the plaintiff did not attempt to effect service on the defendant until more than two months after the filing of the Complaint, and did not succeed in serving the defendant until almost 6 months after the filing of the Complaint. The Shuman court concluded that there was no “good cause” for this delay; it was simply the result of a lack of diligence on the part of the plaintiff to locate an agent to accept service of process for the defendant. Moreover, in Hull the plaintiff did not effect service on the defendant until more than three years after the Complaint had been filed. Similarly, the Hull court concluded that there was no “good cause” for the plaintiffs tardiness in making service; it was simply the result of the *608 plaintiffs failure to even attempt to make service until more than three years after the complaint was filed.
In the case at bar, Constable Harris’s attempt to effect service on the defendants was made only nineteen days after the plaintiff filed her Complaint. The plaintiff here acted diligently and reasonably relied on the presumption that Constable Harris would secure the special appointment, as was his customary practice, to properly effect service on the defendants. (Harris Aff. ¶14.)
Since the plaintiff, in this case, did make a diligent effort to timely effect service on the defendants but failed solely due to the neglect of the Constable, the "good cause” exception to dismissal under Rule 4(j) should be applied. Furthermore, a dismissal under Rule 4 is within the sound discretion of the judge, taking into consideration the circumstances of each case. “The mere passage of time does not require a dismissal. . .” Duprey, 8 Mass.App.Ct. at 61 (emphasis added).
ORDER
Upon review of the relevant facts surrounding the plaintiffs process and service of process on the defendant, Ronald J. Emma, this court concludes that both the process and service of process were legally sufficient. As a result, this court does have proper jurisdiction over this defendant and his defenses set forth under Mass.R.Civ.P. 12(b)(2), (4)-(5) must fail. Therefore, this court DENIES defendant’s Motion to Dismiss this Complaint.

 The defendants claim that they were not sufficiently notified of the charges against them because Constable Harris only served them with the nine pages of the Complaint and failed to include the nine pages of exhibits. (Def.’s Mem. Supp. Motion to Dismiss at 11.) Nevertheless, this court finds that the defendants’ receiving only the first nine pages of the Complaint, without the accompanying exhibits, was adequate notice of the proceedings against them.

 Mass.R.Civ.P. 4(c) provides: “[SJervice of all process shall be made by a sheriff... or any other person duly authorized by law [or] by some person specially appointed by the court for that purpose . . .” Under M.G.L.c. 41, §92, a constable’s authority to serve process is limited to complaints that do not seek damages in excess of $2,500. In cases where the damages do exceed this limit, the constable must secure appointment by the court as a special process server.

 Mass.R.Civ.P. 4(g) provides that “[a]t any time in its discretion . . . the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom process is issued.”

 This court allowed the plaintiffs Motion for Extension of Time for Service on April 30, 1997, pursuant to M.G.L.c. 223, §84, which provides: “If in a civil action the defendant makes a motion to dismiss the action for insufficient service of process, the court may dismiss the action without prejudice or may quash the process and allow the issuance and service of new process in accordance with the applicable rules of court.” Whether further process shall issue after return of service has been held insufficient is within the discretion of the judge. See Nickerson v. Fales, 342 Mass. 194, 198 (1961): Luce v. Columbia River Packers Ass'n., 286 Mass. 343, 347 (1934).

 Mass.R.Civ.P. 4(j) provides:
If a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was hot made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.