Gaziano, J.
The plaintiff, Keegan, Werlin & Pabian, LLP. (KWP) filed the instant action alleging that the defendant, H. Glenn Alberich (Alberich), was indebted to it for professional services rendered. The matter is before the court on defendant’s Motion to Dismiss pursuant to Mass.R.Civ.P. 4(j) and Mass.R.Civ.P. 12(b)(5). For the following reasons, defendant’s motion is ALLOWED.

BACKGROUND

KWP is a law firm with its principal place of business in Boston. KWP filed a complaint on July 25, 2003 alleging breach of contract by Alberich and demanding judgment in the amount of $28,300.43, together with interest and attorney fees, that it claims was the balance due owed by Alberich for legal services rendered. At the time, KWP, believed that Alberich resided at 12 Colburn Circle, in Sudbuiy. This was the address the plaintiff used in its dealings with Alberich (see Account “A” dated March 19, 2001 annexed to the Complaint) and was Alberich’s address listed with the Registry of Motor Vehicles. In addition, demand letters sent to this address were not returned. Plaintiff failed to serve the Summons and Complaint within 90 days as required by Rule 4(j). On January 29, 2004, the Court entered a Judgment of Dismissal pursuant to Standing Order 1-88 for failing to serve the defendant. Prior to dismissal, plaintiff failed to file a request to enlarge time for service pursuant to Mass.R.Civ.P. 6(b).
On August 11, 2004, KWP filed an unopposed Motion to Vacate and Extend Time for Service pursuant to Standing Order 1-88 and Mass.RCiv.P. 9A. The pleadings were mailed to the same Sudbuiy address. In the Motion, KWP stated that it “never received a docket number, a Summons, or a Tracking Order from the Court.” The unopposed motion represented, in effect, that if the plaintiff had received a Summons it would have served the defendant. The Court allowed the Motion to Vacate on August 12, 2004 and provided the plaintiff with an additional 60 days to get service *80 on the defendant. Thereafter, plaintiff learned that Alberich moved to Vineyard Haven, Massachusetts from an updated RMV database and a “SuperPages” website. The plaintiff did not mention its confusion over Alberich’s true address in its Motion to Vacate nor what steps it took to serve the defendant in a timely manner.
On August 27, 2004, KWP caused a copy of the Summons, Complaint, and Motion to Vacate to be served on Alberich in Vineyard Haven. The plaintiffs represented, in the motion hearing, that its renewed efforts to locate Alberich were motivated by information it received that Alberich moved to Martha’s Vineyard and was able to satisfy a judgment.
According to Alberich, he has not lived at 12 Col-burn Circle in Sudbury since July of 2000. Alberich resides in Vineyard Haven while maintaining an apartment in Boston. Alberich has been employed as a lawyer in Boston for over 15 years. In May 2003, Alberich joined Burns & Levinson. Prior to this, he was a partner at LeBouef, Lamb, Greene & MacRae for ten years. He is listed in the Massachusetts Lawyers Diary and Martindale-Hubbell. He did not take any actions to evade service of process.

DISCUSSION

Alberich argues that Mass.R.Civ.P. 4(j) mandates dismissal of the claim for failure to make service within 90 days of filing the complaint, absent a showing of good cause by KWP. Rule 4(j) reads:
If a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service required cannot show good cause why such service was not made within that period, the action shall be dismissed without prejudice upon the court’s own initiative with notice to such party or upon motion.
Mass.R.Civ.P. 4(j). He claims that, since KWP did not serve him within the 90-day limitations period and did not show any efforts to do so, the claim should be dismissed. He further argues that, in spite of the allowance of the Motion to Vacate, KWP must still demonstrate good cause. KWP claims that, since service was made on August 27, 2004, fifteen days after the motion, it was therefore made within the 90-day time limit.
The burden is on KWP to show “good cause” why service was not made within the 90-day limitation period required by Mass.R.Civ.P. 4(j). Comm’r of Revenue v. Carrigan, 45 Mass.App.Ct. 309, 311 (1998). Dismissal is mandatory, rather than discretionary, after 90 days absent a showing of good cause. Id. “Good cause” is a stringent standard, requiring a diligent, although unsuccessful, effort to complete service within the time period required by Rule 4(j). Shuman v. The Stanley Works, 30 Mass.App.Ct. 951, 953 (1991). Inadvertence or half-hearted efforts do not constitute good cause. Carrigan, 45 Mass.App.Ct. at 314. Legislative history indicates that the only example of good cause is the defendant’s evasion of service. Id. at 312. A showing of good cause is fact specific, and the “focus of the court’s inquiry is the reasonableness and diligence of counsel’s effort to effect service within the time required.” Shuman, 30 Mass.App.Ct. at 953. The failure of the complaining party to ask the court for an extension of time pursuant to Mass.R.Civ.P. 6(b) is some evidence of lack of diligence. Id. See also Carrigan, 45 Mass.App.Ct. at 314. In this case, the plaintiff has failed to demonstrate good cause for its lack of service. Even if the Court credits the assertion that plaintiffs service was somehow thwarted by its failure to receive a post-filing response from the Court (the Court records indicate that the Tracking Order was sent July 25, 2003), plaintiffs were content to allow the case to wither on the vine for almost a year before renewing its efforts. Moreover, there is no evidence that Alberich evaded service of process. To the contrary, he maintained an active law practice in Boston and was listed in the “red book.”
In the case at bar, KWP acknowledges that it failed to serve Alberich within the 90 days prescribed by Rule 4(j). It argues, however, that because it timely served Alberich after the motion to vacate and extend time was allowed, the claim should not be dismissed. This argument is unavailing. Any extension of time allowed does not relieve KWP of its burden of demonstrating good cause. Ruggieri v. Friendly Ice Cream Corp., 53 Mass.App.Ct. 1105 (2001); 2001 WL 1503787 at ***1 (MassApp.Ct.) (unpublished opinion). See also Carrigan, 45 MassApp.Ct. at 314 (“an extension under rule 6(b) . . . does not alter our analysis since [plaintiff] is not thereby relieved of his burden of showing good cause under rule 4(j)’j. Later service is irrelevant. Hull v. Attleboro Sav. Bank, 33 Mass.App.Ct. 18, 26 n.10 (1992).
KWP also argues that, since Alberich had notice of the claim, it is relieved of its burden of timely service. However, knowledge by the defendant of the claim against him is irrelevant to a finding of good cause. Id. See also Carrigan, 45 MassApp.Ct. at 312. In addition, Alberich does not have to prove that he was prejudiced by KWP’s failure to serve. Id. at 315-16 (“Whether or not [defendant] was prejudiced by [plaintiffs] tardiness is not a relevant consideration and does not enter into our analysis”). See also Ruggieri, 2001 WL 1503787 at ***2 (the lack of prejudice to the defendants, moreover, is immaterial for rule 4(j) purposes).
KWP admits that it did not attempt to serve Alberich within the 90-day limitations period. Since KWP cannot show good cause why it failed to do so, the complaint is dismissed pursuant to Mass.R.Civ.P. 4(j).

ORDER

It is therefore ORDERED that defendant’s motion to dismiss be ALLOWED.