Fremont-Smith, Thayer, J.
Plaintiff has sued defendant Gargano to recover allegedly excessive attorney *363 fees paid to Gargano for his representation of plaintiff, who had been charged with indecent assault and battery in the Quincy District court. On the day scheduled for trial, plaintiff admitted to sufficient facts, was found guilty, and was sentenced to two years of probation. For his services, Gargano had demanded, and was paid, $120,000.
Gargano has asserted a counterclaim not only against plaintiff but also asserted a separate claim against plaintiffs counsel in this lawsuit for violation of c. 93A in bringing this action. Plaintiff has moved to strike that part of the counterclaim.
The relevant question is whether a defendant can bring a counterclaim not only against a plaintiff but also against a non-party. As stated in Value Pharmacy, Inc. v. Mason, 1997 WL 1361144 (Mass.Super. 1997):
Mass.R.Civ.P. 13(a) and (b) provide that a party may bring a counterclaim against an opposing party. Mass.R.Civ.P. 13(h) supplements this rule and directs that “(p)ersons other than those made parties to the original action may be made parties to a counterclaim or cross-claim accordance with the provisions of Rule 19 & 20.” . . . Massachusetts case law does not delve beyond this straight forward language of 13(h). Conversely, federal courts have confronted similar situations to the one at hand when interpreting similarly worded Fed.RCiv.P. 13(h). “(A]bsent compelling reasons to the contrary or significant difference in content,” the Court should look to the interpretations of the federal rule. Shuman v. The Stanley Works, 30 Mass.App.Ct. 951, 953 (1991) (rescript).
Federal courts have allowed parties to assert claims against non-parties. See F.D.I.C. v. Bathgate, 27 F.3d 873-74 (3rd Cir. 1994) (allowing defendant’s counterclaim to include new party pursuant to Rule 13(h)); Various Markets, Inc. v. Chase Manhattan Bank, 908 F.Sup. 459, 471 (E.D.Mich. 1995). No motion is necessary. See 6 Wright, Miller, Kane, Federal Practice & Procedure §1435, at 270. A party doing so, however, must have already asserted the same claim against a party in the case or simultaneously assert it against both the party and non-party. See Baltimore & Ohio R.R. Co. v. Central Ry. Servs., Inc., 636 F.Sup. 782, 786 (E.D.Pa. 1986).
In this case, defendant Gargano is attempting to assert a counterclaim against Attorney Heraty, plaintiff Karasavas’ present counsel who is a non-party to the case. As noted above, bringing a counterclaim against a non-party is allowed by Mass.R.Civ.P. 13, but only provided that the party asserting the claim has already asserted the same claim against a party in the case or simultaneously has asserted it against both the party and non-party. Gargano does not fulfill this condition. He asserts different claims against Karasavas and Heraty (defamation, slander and publication of injurious falsehood claims against Karasavas and a c. 93A claim against Heraty). Accordingly, Gargano is not permitted to bring the c. 93A counterclaim against Heraty in this lawsuit between Karasavas and Gargano.
In his opposition, Gargano also cites Mass.R.Civ.P. 19(c) in support of his counterclaim. But Rule 19 relates to joinder of “additional parties relating to the subject matter of the complaint,” and does not envision the addition of a new cause of action against a non-party relating to separate alleged wrong-doing. Id.
Nor can a defendant include a “third-party complaint” against a non-party pursuant to Mass.R.Civ.R Rule 14, except when that party “may be liable to [the defendant] for all or a part of the plaintiffs claim against him.”
ORDER
Accordingly, plaintiffs motion to strike so much of defendant’s counterclaim as alleges a cause of action against Heraty, is ALLOWED. No sanctions are awarded.