Hadley, J.
The plaintiff has appealed the dismissal of this action pursuant to Mass. R. Civ. P., Rule 4(j), for his failure to serve the summons and complaint upon the defendant within 90 days after the filing of the complaint.
The plaintiff, Timothy E. Kipp (“Kipp”), and the defendant, Christopher J. Greeson (“Greeson”), were involved in a motor vehicle accident on December 1,2006. Greeson passed away on March 4, 2008. On November 25, 2009, Kipp commenced this action seeking compensation for injuries allegedly sustained as a result of Greeson’s negligence. On April 4, 2010, a copy of the complaint was served on Greeson’s insurance company by a deputy sheriff pursuant to G.L.C. 197, §9A.[1] On April 22,2010, a motion to dismiss was filed on behalf of the deceased defendant The defense asserted that because Kipp had failed to serve the complaint within 90 days after suit was commenced, Mass. R. Civ. E, Rule 4©, mandated dismissal of the action. Kipp filed a writ *163 ten opposition, and after hearing from the parties, the motion judge allowed Greeson’s Rule 4(j) motion. The judge found that Kipp had failed to show good cause why service was not made within 90 days, and ruled that dismissal was required.
Both in the trial court and on this appeal, Kipp argues that “Greeson either waived compliance with Rule 40) or should be estopped from successfully asserting it” In Kipp’s memorandum in opposition to Greeson’s motion to dismiss, Kipp’s counsel reported that Greeson’s insurance company was aware of Kipp’s claim before suit was commenced and had expressed a wish to settle the matter. Negotiations were delayed, however, as a result of unexpected delays in securing Kipp’s medical records. After commencing this action shortly before the three-year statute of limitations apparently would have run, Kipp’s attorney notified the insurance adjuster with whom he had been dealing that he had filed suit. The adjuster requested a copy of the complaint, and within 90 days after the complaint was filed, Kipp’s counsel mailed her a copy. A short time later, the adjuster advised Kipp’s attorney in writing that she had received the summons and complaint he had sent her; that she had assigned a law firm in Connecticut to represent Greeson in the case; and that she wished to continue discussing resolution of the matter. The parties apparently were unable to resolve Kipp’s claim, and service by a deputy sheriff was subsequently made on the insurance company.
In his analysis of these factual assertions by Kipp’s counsel, the motion judge found that Kipp did not establish that the adjuster with whom Kipp dealt waived the requirement of timely service of the complaint and summons in compliance with Mass. R. Civ. E, Rule 4. He also found that Kipp had not demonstrated that the insurance company had agreed to accept service by mail. In addition, he found that the insurance adjuster’s actions did not provide a basis for finding good cause for Kipp’s failure to effect service within 90 days as required by Rule 4(j). Upon review of the record, we conclude that the motion judge was correct in his analysis of each of these issues.
On the issue of an alleged waiver, the facts set forth by Kipp do not support his position. As noted above, the insurance adjuster requested and received a copy of the summons and complaint from Kipp’s counsel, and later identified a law firm that would defend the case. A waiver cannot be reasonably inferred from these facts. Similarly, nothing in the facts as presented to the motion judge establishes that the insurance company agreed to accept service of process by mail rather than by deputy sheriff as prescribed by Rule 4. In short, an insurer’s request for a copy of the complaint is not the equivalent of an agreement to accept service by mail.
With regard to the issue of good cause, Kipp relies heavily upon several decisions from the Federal District Courts. Each of the decisions he cites, however, was decided prior to 1990 and involved at least some effort by the plaintiff to effect proper service before the 120-day deadline imposed under then Fed. R. Civ. R, Rule 4(j). Although we may look to judicial interpretations of parallel Federal rules of procedure, the most recent Massachusetts appellate decisions dealing with the meaning of good cause are controlling here.
In Commissioner of Revenue v. Corrigan, 45 Mass. App. Ct. 309 (1998), the Appeals Court noted that good cause is ‘““a stringent standard requiring diligenjt]” albeit unsuccessful effort to complete service within the period prescribed by the rule.’ Shuman v. Stanley Works, 30 Mass. App. Ct. 951, 953 (1991), quoting from Davis-Wilson v. Hilton Hotels Corp., 106 F.R.D. 505, 509 (E.D. La. 1985).” Id. at 311. In Corrigan, the Court further noted that Rule 4(j) is to be strictly construed, but “its *164 execution is not unduly harsh due to the liberal extension of time allowances permitted under Rule 6(b).” Id. at 312, quoting Burks v. Griffith, 100 F.R.D. 491, 492 (N.D.N.Y. 1984). In determining whether good cause has been shown, “[t]he focus of the court’s inquiry is the reasonableness and diligence of counsel’s effort to effect service within the time required.” Shuman, supra. On a related note, as to whether Greeson was prejudiced by Kipp’s tardiness in effecting proper service, the Court in Carrigan pointed out that prejudice “is not a relevant consideration, and this does not enter into our analysis.” Id. at 316. Finally, it has been held that even the fact that a subsequent complaint would arguably be time barred does not prevent the operation of Rule 4©. Hull v. Attleboro Sav. Bank, 33 Mass. App. Ct. 18, 26-27 (1992).
Dismissal of Kipp’s claim in a case where the deceased defendant’s insurer had actual and timely notice of the complaint may seem harsh, but this is not a case where Greeson has “deliberately and unfairly evaded service.” Wang v. Niakaros, 67 Mass. App. Ct. 166, 171 (2006), quoting United States ex rel. Combustion Sys. Sales, Inc. v. Eastern Metal Prods. & Fabricators, Inc., 112 F.R.D. 685, 688 (M.D.N.C. 1986). Moreover, Kipp did have the right to seek an extension of time pursuant to Rule 6 (b). The policy underlying the Rule 4 (j) time limit is to encourage the prompt movement of civil actions through the courts and to discourage unnecessary delay, and the grim reality is that the 90-day deadline prescribed by Rule 4© must be treated “with the respect reserved for a time bomb.” Carrigan, supra at 315, quoting Siegel, Practice Commentary on Amendment of Federal Rule 4 (Eff. Feb. 26, 1983) with Special Statute of Limitations Precautions, 96 F.R.D. 88, 103 (1983).
For all these reasons, the motion judge’s dismissal of Kipp’s complaint is affirmed.
So ordered.

This statute was repealed on January 2, 2012. St. 2008, c. 521, §16.