The plaintiff appeals from the dismissal of her negligence complaint for failure to effect service within the time permitted by Mass.R.Civ.P. 4(j), as appearing in 402 Mass. 1401 (1988). We affirm.
Background. On June 2, 2016, the plaintiff[2] filed a complaint in the Superior Court alleging that the defendant's negligence caused her to sustain injuries in a June 4, 2013, fall on the grounds of Boston Children's Hospital. Under Mass.R.Civ.P. 4(j), the plaintiff was required to serve the complaint upon the defendant within ninety days, on or before August 31, 2016. On August 8, 2016, plaintiff sent the summons and complaint to the Suffolk County sheriff's department (sheriff) for service; on August 17, the sheriff notified the plaintiff that she had improperly addressed the summons to herself. The same day, the plaintiff sent the sheriff the complaint and a corrected summons. The documents were accompanied by a letter requesting that the sheriff "[k]indly effectuate service on the defendant as soon as possible."
The sheriff did not serve the defendant until September 19, 2016, almost three weeks after the deadline. The defendant filed a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(5), 365 Mass. 745 (1974), which the judge allowed, reasoning that the plaintiff had failed to demonstrate good cause for the delay in service.
Discussion. Rule 4(j) mandates dismissal of complaints served outside the ninety-day limit unless a plaintiff demonstrates "good cause."[3] The determination of good cause is left to the motion judge's discretion. See Shuman v. Stanley Works, 30 Mass. App. Ct. 951, 952-953 (1991). "Good cause is a stringent standard requiring diligen[t] albeit unsuccessful effort to complete service within the period prescribed by the rule." Commissioner of Rev. v. Carrigan, 45 Mass. App. Ct. 309, 311 (1998) (quotation omitted). See Nett v. Bellucci, 437 Mass. 630, 640 n.8 (2002). "The focus of the court's inquiry [as to good cause] is the reasonableness and diligence of counsel's effort to effect service within the time required." Carrigan, supra at 312, quoting from Shuman, supra at 953.
Here, the record does not establish reasonable diligence by the plaintiff. The majority of the ninety-day period had elapsed before service was initiated. Two weeks before the deadline, the plaintiff was informed by the sheriff that the summons was not correct. After correcting the error and asking for service "as soon as possible," the plaintiff did nothing more to inform the sheriff of the impending deadline, or otherwise ensure timely service. Mere reliance on a process server does not constitute good cause. See Shuman, supra; Carrigan, supra at 314-315. Moreover, despite the looming deadline, the plaintiff failed to file a motion to enlarge the time for service, either before or after ninety days had passed. See Carrigan, supra at 314 ("[T]he plaintiff must take additional steps to ensure timely service of process, or, in the alternative, move under [rule] 6[b] for an enlargement of the time to effect service of process" [quotation omitted] ).
Plaintiffs have long been cautioned to "treat[ ] the ninety-day rule 4(j) period with the respect reserved for a time bomb." Carrigan, supra at 315 (quotation omitted). The plaintiff failed to do so here. In these circumstances, we discern no abuse of discretion in the judge's decision that the plaintiff failed to establish good cause.[4]
Judgment affirmed.

The plaintiff was represented by counsel throughout the proceedings.

"If a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice ... upon motion." Mass.R.Civ.P. 4(j).

We are not persuaded by the plaintiff's argument that the judge should have considered the fact that the complaint could not be refiled because the statute of limitations had run. Prejudice is not an appropriate consideration in deciding whether the plaintiff has shown good cause under rule 4(j). See Carrigan, supra at 315-316. Our decision in Ceruolo v. Garcia, 92 Mass. App. Ct. 185, 189 (2017), interpreting the term "good cause" in the context of Mass.R.Civ.P. 55(c), 365 Mass. 822 (1974), does not instruct otherwise. The difference between a dismissal without prejudice under rule 4(j) and entry of default judgment under rule 55 is plain, and equitable considerations that are "at their zenith in the [r]ule 55(c) milieu," ibid. (quotation omitted), are not considered in the context of rule 4(j).