# United States Court of Appeals
## For the First Circuit

No. 18-1622

GINA CROSSETTI, as Personal Representative of the Estate of
Robert A. Crossetti, Jr.,

Plaintiff, Appellant,

v.

CARGILL, INCORPORATED,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Katherine A. Robertson, U.S. Magistrate Judge]

Before

Torruella, Lynch, and Kayatta,
Circuit Judges.

Robert R. Herrick, with whom Nicholson Herrick LLP was on brief, for appellant.
Robert J. Gilbertson, with whom Jenny Gassman-Pines, Caitlinrose H. Fisher, Greene Espel PLLP, Jeffrey E. Poindexter, Elizabeth S. Zuckerman, and Bulkley Richardson & Gelinas LLP were on brief, for appellee.

May 13, 2019

**LYNCH, Circuit Judge**.    Massachusetts Rule of Civil Procedure 4(j) requires a plaintiff to effect service of process within ninety days of filing suit.  Mass. R. Civ. P. 4(j). Massachusetts courts accord this deadline "the respect reserved for a time bomb."  Comm'r of Rev. v. Carrigan, 698 N.E.2d 23, 28 (Mass. App. Ct. 1998) (quoting Braxton v. United States, 817 F.2d 238, 241 (3d Cir. 1987)).  The plaintiff in this removed diversity suit failed to meet that deadline.

In a thoughtful opinion, the court granted the defendant's motion to dismiss for insufficient timely service of process.  Crossetti v. Cargill, Inc., No. 3:18-CV-30002-KAR, 2018 WL 2770130, at *1 (D. Mass. June 8, 2018).  The court also denied the plaintiff's motion for an extension of time to perfect service of process.  Id.  We affirm.

I.

We briefly describe the relevant background, taking the complaint's allegations as true for these purposes.  In November 2014, Robert Crossetti, Jr., died from work-related injuries sustained from a machine owned and "superintende[d]" by Cargill, Inc.  Gina Crossetti, as personal representative of Robert's estate, sued Cargill in Massachusetts Superior Court on September 28, 2017, bringing claims for negligence and wrongful death.  The statutes of limitations on Crossetti's claims ran shortly thereafter, on November 19, 2017.  See Mass. Gen. Laws ch. 260,

§ 2A (three years for negligence); Mass. Gen. Laws ch. 229, § 2 (same for wrongful death).

Cargill maintains a registered agent to accept service of process in Massachusetts, but Crossetti served Cargill with process by mail. See Mass. R. Civ. P. 4(e)(3). On November 29, 2017, Crossetti mailed a certified letter to "Cargill Incorporated" in which she enclosed a copy of the summons, complaint, civil action cover sheet, and scheduling order. For purposes of this appeal, it is not contested that this service of process was invalid because "Massachusetts law requires that, in the case of a corporation, service be made on 'the president, treasurer, clerk, resident agent appointed pursuant to section 49 of chapter 156D, cashier, secretary, agent or other officer in charge of its business, or, if no such officer is found . . . any member of the corporation.'" Crossetti, 2018 WL 2770130, at *2 (quoting Mass. Gen. Laws ch. 223, § 37).

Cargill removed the action to federal court on January 2, 2018, and moved to dismiss based on insufficient service of process a week later, on January 9, 2018. Also on January 9, Crossetti filed a motion to extend the time to perfect service of process. The court granted Cargill's motion to dismiss because Crossetti had failed to properly serve Cargill with process within ninety days of filing her complaint and had not shown good cause

to excuse that failure. Crossetti, 2018 WL 2770130, at *3-4 (applying Mass. R. Civ. P. 4(j)).

The court also denied Crossetti's motion to extend time to perfect service of process under Massachusetts Rule 6(b). Id. at *6. The relevant provision of that rule applies after a deadline passes and allows for an enlargement of time when failure to meet the deadline "was the result of excusable neglect." Mass. R. Civ. P. 6(b)(2). The court concluded that, under Massachusetts law, Rule 6(b) did not relieve Crossetti of her burden of showing "good cause" under Rule 4(j). Crossetti, 2018 WL 2770130, at *6. The court did not reach whether Crossetti had shown "excusable neglect."

## II.

"We review for abuse of discretion a dismissal for insufficient service of process." Calderón Serra v. Banco Santander P.R., 747 F.3d 1, 7 (1st Cir. 2014). Finding no such abuse here, we affirm.

Rule 4(j) requires a plaintiff to effect service of process within ninety days of filing. Mass. R. Civ. P. 4(j). Failure to meet this deadline may be excused only for "good cause." Id. "Good cause is 'a stringent standard requiring diligen[t]' albeit unsuccessful effort to complete service within the period prescribed by the rule." Carrigan, 698 N.E.2d at 26 (quoting

- 4 -

Shuman v. Stanley Works, 571 N.E.2d 633, 635 (Mass. App. Ct. 1991)).

Crossetti argues that Cargill had "evaded" service or "concealed" the defect in service and that the court erred in failing to recognize this as "good cause." As a matter of state law, both arguments are meritless. Cargill did not evade service; indeed, it maintained a registered agent in Massachusetts to receive service, whom Crossetti chose not to utilize. See Carrigan, 698 N.E.2d at 26 ("[W]e observe that the [plaintiff] offers few facts to support [her] characterization of [the defendant] as evading service . . . ."). And Cargill did not conceal the defect in process, nor was Cargill under any duty to notify Crossetti of the defect. Crossetti would have discovered the defect had she read the relevant rule of Massachusetts procedure. "Failure to read a rule is the antithesis of good cause." Tuke v. United States, 76 F.3d 155, 156 (7th Cir. 1996). The court did not abuse its discretion in concluding that Crossetti had not shown "good cause."

This also disposes of Crossetti's claim for an extension of time under Rule 6(b)(2). Massachusetts case law clearly states that the Rule 4(j) "good cause" standard applies when "a plaintiff files a [Rule 6(b)(2)] motion to extend after expiration of the original ninety-day period." Passatempo v. McMenimen, 960 N.E.2d 275, 293 n.30 (Mass. 2012); see Carrigan, 698 N.E.2d at 27 n.5.

- 5 -

III.

We affirm.