NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-552

NELLIE SANINOCENCIO

vs.

LUBIN & MEYER, P.C.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This is an appeal from a judgment of dismissal of a complaint alleging one count of malpractice and one count of fraud, filed June 13, 2022, by the plaintiff Saninocencio against the defendant law firm, which represented her in a medical malpractice action. The allegations in the complaint include that, after four years of litigating her medical malpractice claim, the law firm advised the plaintiff to, and she did, sign an authorization and instructions to dismiss the claim, dated October 23, 2017. The plaintiff avers she was told by her lawyers that she would lose the case and be subject to having to pay attorney's fees to the defendants in the malpractice action, a risk that she would avoid by signing the authorization for dismissal. She asserts that this amounted to legal malpractice on the part of the defendant law firm, and

that what she was told amounted to fraud.  She alleges that she was not informed that the law firm had two experts willing to testify to negligence on the part of the medical defendants, and that the law firm failed "to negotiate and obtain a reasonable settlement offer from her surgeon and the firm he worked for." Although it is not in the complaint, the plaintiff also asserts she was not informed until January 2021 that one of the doctors involved in her care had not been included as a medical defendant.  We affirm.

Background.  There is a three-year statute of limitations for actions of legal malpractice and fraud, and on October 20, 2020, three days shy of the third anniversary of the date the claims arose, the plaintiff filed a complaint very similar to the one in the instant matter, for legal malpractice and fraud (first complaint).  The first complaint was dismissed in June 2021, for failure to perfect service of process; the plaintiff only attempted service, by hand, on the last day of the relevant period, and service was not successfully made that day by the deputy sheriff to whom process had been committed.  The dismissal was affirmed by a panel of this court on October 14, 2022 -- after the three-year limitations period had passed -- with the panel holding, as the trial court had, that the failure of service was due to the late start made by plaintiff's

2

counsel, not anything done by the deputy sheriff. See Shuman v. Stanley Works, 30 Mass. App. Ct. 951 (1991).

While the appeal was pending, the plaintiff subsequently brought the instant complaint (second complaint), less than one year after the first complaint's dismissal, and almost five years after the claims arose. The second complaint was dismissed as having been brought outside the limitations period. In this appeal, the plaintiff argues that the claims were not time-barred (1) because of the discovery rule, and (2) because of G. L. c. 260, § 12, which tolls the statute of limitations if discovery of the cause of action is delayed due to a defendant's fraudulent concealment.

Although the judge's order dismissing the second complaint did not mention these sources of law, in an order in response to a motion for clarification that cited both the discovery rule and the statute, the judge asserted that there was ample information or notice to the plaintiff at the time she signed her release to have uncovered or comprehended the nature of the harm she allegedly suffered on that date, and that the assertions in the second complaint failed to establish tolling under either the discovery rule or the statute.

Discussion. Before us, the plaintiff alleges that within one year of dismissal of the first complaint, she was entitled to refile her claims under G. L. c. 260, § 12. But that statute

3

applies only when the first complaint "is dismissed for insufficient service of process by reason of an unavoidable accident or of a default or neglect of the officer to whom such process is committed."  The plaintiff suggests that it was default or neglect of the deputy sheriff that led to the insufficiency of service.  But the trial court, in dismissing the first complaint, concluded that it was the lack of diligent effort by counsel, rather than any default or neglect of the process server, that resulted in the failure to serve the defendant in time.  And in the appeal from the dismissal of the first complaint, the panel concluded that "Saninocencio made a single attempt at service, just hours before the close of business on the ninetieth day [and the last day permitted under Mass. R. Civ. P. 4 (j), as appearing in 402 Mass.  1401 (1988)], and with no prior request to enlarge that time. . . . [I]n the absence of other diligent efforts by [the plaintiff] and her attorney, the process server's incomplete service is immaterial."  Saninocencio v. Lubin & Meyer, P.C., 101 Mass. App. Ct. 1120 (2022).

The plaintiff also renews her arguments about the discovery rule and the statute, G. L. c. 260, § 12.  But there was no evidence in the record why the information necessary to bring the suit was not discoverable with reasonable diligence the very day the release was filed.  Before us, the plaintiff argues only

4

that she could not have known that the defendant had failed to sue one of the doctors until her new counsel looked into her medical malpractice case file in January of 2021.  But no allegation about this alleged failure is included in the second complaint (and in any event, the plaintiff put forward no evidence before the trial court that this was the case).

As to fraudulent concealment, the plaintiff argues that she could not have known that there were two experts prepared to testify on her behalf until her counsel discovered this information in the medical malpractice file's pretrial conference memorandum.  But this information was publicly available in the court file at the time she signed the stipulation.

The plaintiff also argues -- at length -- that the Supreme Judicial Court should not allow courts to rely on Shuman, 30 Mass. App. Ct. at 953, to allow the dismissal of complaints for failure of service, for which there is no excusable neglect, when the only neglect is counsel's commencement of attempts to effectuate service during the ninety-day period, but is late in that period.  This argument is directed to the Supreme Judicial Court, bears on the prior appeal rather than this one, and would in any event be appropriate in a case being heard by the Supreme Judicial Court rather than this one.

Finally, the plaintiff argues, without factual support, that a wide range of judicial and other actors have conspired against her throughout these proceedings.  Losing a case, which one party does in every case, and disagreeing with the way a judicial decision is written, something that is of course commonplace, are not "evidence" supporting a claim of corruption.[1]

Judgment affirmed.

By the Court (Rubin, Hodgens & Smyth, JJ.[2]),

Assistant Clerk

Entered:  March 5, 2024.

---

[1] The appellee's request for an award of appellate attorney's fees and double costs is denied.
[2] The panelists are listed in order of seniority.